795 P.2d 15

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Wesley K. SHEPHERD,
Defendant–Appellant.**

**No. 18019.**

Court of Appeals of Idaho.

July 2, 1990.

Killen, Pittenger & Kerrick, McCall, William M. Killen, Cascade (argued), for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Wesley Shepherd entered a conditional plea of guilty to the felony charge of possession of marijuana in excess of three ounces with the intent to deliver. I.C. § 37–2732(a)(1)(B). For committing this offense, Shepherd received a withheld judgment and was placed on probation. He has appealed, raising these issues: (1) whether a backpack on the back seat of Shepherd's automobile was lawfully searched incident to Shepherd's arrest; (2) whether a closed cooler in the trunk of the automobile was validly searched under the "automobile" exception to the warrant requirement; and, if not (3) whether the searches of the backpack and cooler were proper under the "inventory search" exception to the warrant requirement. For reasons explained below, we affirm.

An Idaho State Police officer stopped Shepherd's automobile at a campground near Highway 55 in the Boise National Forest. At the time of the stop, Robert Zichko was driving; Shepherd was a passenger. As the officer approached Shepherd's automobile, he noticed the smell of raw marijuana. The officer then asked Shepherd to produce his driver's license. Shepherd complied. During this exchange, the officer observed a pipe on the passenger side of the front seat. To the officer, the pipe had an appearance characteristic of those used to smoke marijuana. When the officer asked Shepherd what the pipe was used for, Shepherd replied that the pipe was used merely for smoking tobacco. However, minutes later Shepherd admitted that he used the pipe for smoking marijua-

na. Shepherd was arrested on the charge of possession of drug paraphernalia. The driver of the automobile, Zichko, was arrested for driving while under the influence.

Shepherd and Zichko were handcuffed and placed in the back seat of the officer's patrol car. The officer then called for a tow truck and conducted an inventory search of Shepherd's automobile, pursuant to an Idaho State Police impoundment policy. During the inventory search, marijuana was discovered in a backpack located in the back seat of the automobile. Marijuana was also found in a closed cooler in the trunk of the automobile.

Shepherd was charged with possession of marijuana in excess of three ounces with the intent to deliver and possession of drug paraphernalia. Prior to trial, Shepherd moved unsuccessfully to suppress the admission of the marijuana. The court also denied a subsequent motion to reconsider. Shepherd entered a conditional plea of guilty to the felony charge of possession of marijuana in excess of three ounces with the intent to deliver. Pursuant to a plea bargain, the charge of possession of drug paraphernalia was dismissed. This appeal followed.

Shepherd contends the marijuana should have been suppressed due to violations of the Fourth Amendment. We disagree.

Preliminarily, we note our standard of review. Because Shepherd's argument raises a constitutional question, our appellate review is one of deference to factual findings unless they are clearly erroneous. However, we exercise free review over the district court's determination as to whether the constitutional requirements have been satisfied in light of the facts found. *State v. Heinen,* 114 Idaho 656, 759 P.2d 947 (Ct.App.1988) (review denied). In the present case, because neither party disputes the facts, our review is limited to determining whether the search and seizure were reasonable under the Fourth Amendment to the United States Constitution.

## SEARCH INCIDENT TO ARREST

■ We will first discuss whether the evidence seized from the passenger compartment of the car should have been suppressed. The Fourth Amendment prohibits unreasonable search and seizures. *State v. Crawford,* 110 Idaho 577, 716 P.2d 1349 (Ct.App.1986). A warrantless search by law enforcement officials is per se unreasonable unless it comes within certain specific and well delineated exceptions. *State v. Heinen, supra.* A search incident to an arrest is a well established exception to the warrant requirement. *State v. Cook,* 106 Idaho 209, 677 P.2d 522 (Ct.App.1984). Under this exception, police may search the arrestee following any lawful custodial arrest. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). The original rationale for this exception was set forth in *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In *Chimel,* the United States Supreme Court stated that the purpose of the exception was two-fold: (1) to prevent the arrestee from gaining access to dangerous weapons which might pose a threat to the safety of the police and other persons, and (2) to thwart any attempt an arrestee may have in seeking to destroy evidence. *See State v. Calegar,* 104 Idaho 526, 661 P.2d 311 (1983).

■ The *Chimel* Court noted that the search must take place when the arrest occurs and may only cover areas within the "immediate control" of the arrestee. In *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the United States Supreme Court enlarged upon the *Chimel* rationale in cases involving "searches of automobiles" following a lawful custodial arrest of an occupant of the automobile. In *Belton,* the officer stopped an automobile for excessive speeding. While checking the driver's license and automobile registration, the officer smelled burnt marijuana and observed an envelope marked "Supergold" on the floor of the automobile. From the officer's prior training and experience, he associated the envelope containing the words "Supergold" with marijuana. The officer ordered the

four occupants out of the automobile and placed them under arrest for the unlawful possession of marijuana. The officer frisked the men and then separated them so that they could not physically touch each other. The officer then retrieved the envelope labeled "Supergold" and discovered that it contained marijuana. The officer proceeded to search the passenger compartment of the automobile. During the search, a black leather jacket belonging to Belton was seized from the back seat of the automobile. The officer discovered cocaine inside one of the zipped pockets of the jacket.

In *Belton,* the United States Supreme Court was asked to determine whether an officer could lawfully search the passenger compartment of an automobile incident to a lawful custodial arrest of the occupants. The United States Supreme Court answered in the affirmative. In addition, the Court stated that the constitutionally permissible scope of the search would extend to any "container," whether it be opened or closed, found within the passenger compartment of the automobile.[1] The Court in *Belton* sought to establish a bright-line rule for police to follow when searching an automobile after an arrestee has been detained. The Court generalized "that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within 'the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m].'" *Id.* at 460, 101 S.Ct. at 2864, *quoting Chimel,* 395 U.S. at 763, 89 S.Ct. at 2040; *State v. Calegar, supra.*

In the present case, there is no question but that the search of the passenger compartment of the automobile took place incident to a lawful custodial arrest. Shepherd was properly arrested on a drug paraphernalia charge after voluntarily admitting that he used a pipe, which was openly visible to the officer, for smoking marijuana. The backpack containing marijuana was discovered within the passenger compartment of the automobile after the arrest. We hold that the search and seizure of the backpack was proper under *Belton.* The district court correctly refused to suppress that evidence.

### AUTOMOBILE EXCEPTION

■ We turn now to the evidence seized from a cooler in the trunk of the automobile. *Belton* did not provide authority for the warrantless search of a trunk incident to a lawful custodial arrest of an occupant of an automobile. Therefore, we must determine whether the search and seizure of a cooler located in the trunk of an automobile falls within another recognized exception to the warrant requirement. We conclude that it does.

Another exception to the warrant requirement is the "automobile" exception. This exception was first established by the United States Supreme Court in *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In *Carroll,* the Court held that an officer can make a warrantless search of an automobile if he has probable cause to believe that the automobile which he stops contains contraband. *Id. See also Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the United States Supreme Court determined the extent of a permissible search under the "automobile" exception to the search warrant requirement. The Court in *Ross* held:

> the scope of the warrantless search authorized by [the automobile exception] is no broader and no narrower than a magistrate could legitimately authorize by warrant. If *probable cause* justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the

1. The Court defined "container" as:

    "Container" here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.
    *New York v. Belton,* 453 U.S. at 460–61, n. 4, 101 S.Ct. at 2864, n. 4.

vehicle and its contents that may conceal the object of the search. (Emphasis added.)

*Id.* at 825, 102 S.Ct. at 2173. The *Ross* Court stressed that "probable cause" determinations must be based on objective facts which would convince a magistrate to issue a warrant under similar circumstances. *Id.* at 808, 102 S.Ct. at 2164. When determining whether probable cause exists, a magistrate must bring to the task a common sense approach, considering the totality of the circumstances. In the end, the magistrate must conclude that there exists a fair probability that contraband will be discovered in a particular place. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Using this probable cause standard, we must determine whether the officer, who searched Shepherd's trunk, could reasonably have concluded that there was a fair probability that contraband would be discovered somewhere within the automobile. We believe the officer had probable cause to search the trunk of the automobile once marijuana was discovered in a backpack of the passenger compartment of Shepherd's automobile. *See, e.g., United States v. Schecter,* 717 F.2d 864 (3d Cir.1983). Therefore, the search and seizure of the marijuana found in the closed cooler of the trunk of Shepherd's automobile was lawful under *Ross.*

### INVENTORY SEARCH

Shepherd contends that the "inventory search" exception is the only warrantless search exception which can be considered by this Court because the officer testified that the search of the automobile was conducted pursuant to an Idaho State Police Inventory policy. In short, Shepherd argues that the search incident to an arrest exception and the automobile exception are inapplicable because the officer did not intend to search Shepherd's automobile under either exception. We disagree.

"Whether a Fourth Amendment violation has occurred 'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time,' ... and not on the officer's actual state of mind at the time [of the search]...." *Maryland v. Macon,* 472 U.S. 463, 470–71, 105 S.Ct. 2778, 2783, 86 L.Ed.2d 370 (1985) (citations omitted). *See also State v. Middleton,* 114 Idaho 377, 757 P.2d 240 (Ct.App.1988) (probable cause to arrest is determined by court upon objective evidence in case and not upon the officer's subjective impression of whether probable cause existed); *State v. Law,* 115 Idaho 769, 769 P.2d 1141 (Ct.App.1989) (review denied) (where an officer has an objectively reasonable basis for making an investigative stop, the officer's motive or actual state of mind is irrelevant). Therefore, the officer's explanation for searching Shepherd's automobile is not controlling. The lawfulness of a search is to be determined by the court, based upon an objective assessment of the circumstances which confronted the officer at the time of the search. Accordingly, because we find that the officer's search of the automobile was authorized under *Belton* and *Ross,* we need not decide whether this search was also proper under the "inventory search" exception to the warrant requirement.

We uphold the district court's denial of Shepherd's motion to suppress. The district court's order withholding judgment and ordering probation is affirmed.

BURNETT, J., and HURLBUTT, J. pro tem, concur.