827 P.2d 1174

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Scott WHEATON, Defendant–Appellant.**

No. 18761.

Court of Appeals of Idaho.

March 1, 1991.

Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, for defendant-appellant. David Hammerquist, argued.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen. (argued), for plaintiff-respondent.

SWANSTROM, Judge.

Police officers discovered cocaine and scales in the console of Scott Wheaton's vehicle, after he was arrested for the misdemeanor charge of operating a motor vehicle without liability insurance. I.C. § 49–1229. Wheaton contends that, under our federal constitution, the evidence should not have been seized, because the search was unrelated to the purported reason for the arrest. Wheaton also argues that, even if the search is upheld under our federal constitution, our state constitution should be construed to prohibit this type of search. For reasons explained below, we uphold the search and seizure of evidence found in the console of Wheaton's vehicle.

Scott Wheaton's vehicle was stopped by an officer in Boise for speeding. When approached by the officer, Wheaton rolled down his window and handed the officer his driver's license and vehicle registration. The officer then asked for proof of insurance. Wheaton replied that he did not have insurance on the vehicle. Based on this admission, the officer arrested Wheaton for failure to maintain liability insurance. I.C. § 49–1229. Wheaton was then handcuffed and placed in the back seat of the officer's vehicle. A search was made of the passenger compartment of Wheaton's vehicle. A black plastic rectangular box was found in the console between the front seats. The box contained a small set of hand-held scales, ten individually wrapped bindles of cocaine and two plastic eight ounce bags of cocaine. Wheaton was later charged with possession of a controlled substance with intent to deliver. I.C. § 37–2732.

Wheaton filed a motion to suppress the evidence obtained from the search of his vehicle. The district judge denied the motion, holding that Wheaton was properly stopped for speeding, and that the arrest was proper because Wheaton had committed a misdemeanor in the presence of the officer. I.C. § 19–603; I.C. § 49–1229. The judge also held that New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), provided the officer with authority to search the passenger compartment of the vehicle incident to the arrest. Wheaton entered a conditional plea of guilty to the crime of possession of a controlled substance with intent to deliver. However, Wheaton reserved his right to appeal from the district court's decision regarding his motion to suppress. I.C.R. 11(a)(2). The charge for failure to maintain liability insurance was dismissed pursuant to the plea agreement. This appeal followed.

■ Our standard for reviewing search and seizure questions, such as this, involves a two-step inquiry. We defer to the district court's findings of fact unless they

are clearly erroneous. However, we freely review the district court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Heinen*, 114 Idaho 656, 759 P.2d 947 (Ct.App.1988). Here, because the facts are not in dispute, we need only decide whether the officer's search was proper under the Fourth Amendment.

■ Wheaton does not question the officer's authority to stop him for speeding or to arrest him for the crime of operating a motor vehicle without liability insurance. Wheaton only contests the legality of the officer's search of his vehicle following his arrest. Wheaton asserts that the search of his vehicle violated his Fourth Amendment right to be free from unreasonable searches and seizures. The Fourth Amendment to the United States Constitution requires that law enforcement officials obtain a search warrant, prior to searching for evidence of a crime, unless the search falls within one of the well-delineated exceptions to the warrant requirement. A search incident to an arrest is one exception to this long standing requirement. *State v. Cook*, 106 Idaho 209, 677 P.2d 522 (Ct.App.1984). Under this exception, police may search the arrestee and the area within his "immediate control" following a lawful custodial arrest. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Two exigent circumstances underlie this automatic right to search: (1) to protect the officer and other persons in the vicinity from any dangerous instrumentalities in the possession of the person arrested, and (2) to prevent the destruction of evidence within the reach of the arrestee. *Id.*

The search incident to an arrest exception was expanded for vehicle searches by *New York v. Belton, supra.* In *Belton,* the United States Supreme Court was faced with determining the constitutionally permissible scope of a vehicle search following a lawful custodial arrest of the occupant of the vehicle. The Supreme Court in *Belton* held: "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.,* 453 U.S. at 460, 101 S.Ct. at 2864 (footnote omitted). Wheaton contends that *Belton* did not remove the requirement that the officer have a reason or basis for the search. Rather, Wheaton argues that *Belton* only sets out the *limits* of a vehicle search, once the officer has a reason for searching the vehicle incident to a lawful custodial arrest. In support of this argument, Wheaton directs our attention to the underlying facts of the *Belton* decision. Wheaton points out that the officer in *Belton* smelled burnt marijuana and observed an envelope marked "Supergold" on the floor of the vehicle prior to the officer's arrest of four occupants for unlawful possession of marijuana. Wheaton argues that the arrest of Belton and his three companions, on marijuana charges, gave the officer justification to search for other evidence of contraband inside the passenger compartment of the vehicle. In contrast, Wheaton contends that his arrest for failure to maintain liability insurance did not give the officer a reason to search the vehicle for contraband or other evidence, because the search was unrelated to the arrest.

Wheaton's interpretation of the *Belton* decision is misguided. While it is true that the search in *Belton* was prompted by the arrest of the four occupants for possession of marijuana, the search was upheld as a proper "search incident to arrest" rather than a search based on probable cause. The search of the passenger compartment of the vehicle in *Belton* could also have been upheld under the "automobile exception" to the warrant requirement because the officer did have probable cause to believe that other evidence of contraband was located inside the vehicle. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Instead, the Supreme Court chose to uphold the *Belton* decision under the "search incident to arrest exception" to the warrant requirement in an effort to draw a "bright line" rule for vehicle searches made incident to a lawful custodial arrest.

Such searches have long been considered valid because of the need 'to remove any

weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape' and the need to prevent the concealment or destruction of evidence. *New York v. Belton, supra,* 453 U.S. at 457, 101 S.Ct. at 2862, *quoting Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969).

> The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment: that intrusion being lawful, a search incident to the arrest requires no additional justification.

*Id.,* 453 U.S. at 461, 101 S.Ct. at 2864, *quoting United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973). Here, the officer had probable cause to arrest Wheaton for operating a motor vehicle without liability insurance. I.C. § 19–603; I.C. § 49–1229. Therefore, no additional justification was needed to search the console of the vehicle following Wheaton's arrest.

This conclusion is also supported by the United States Supreme Court decision in *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). In *Long,* the police observed a vehicle moving erratically and at an excessive speed. When the vehicle swerved off the road into a shallow ditch, the officers stopped to investigate. Long got out of the vehicle and met the officers at the rear of his vehicle. The door on the driver's side of the vehicle remained open. Long was briefly questioned. At that time, he appeared dazed and unresponsive, and seemed to be under the influence of something. Long turned his back to the officers and began walking toward the open door of his vehicle. Before he could reach the door, he was stopped and patted down. This action was prompted by the officer's observation of a large hunting knife on the floorboard of the driver's side of the vehicle. One of the officers also noticed that something was protruding from under the armrest in the front seat of the vehicle. A search of the armrest revealed an open pouch which contained marijuana. Long was later arrested for possession of marijuana.

The Supreme Court upheld the search because the officers had reason to believe that the vehicle contained weapons which were potentially dangerous to safety of the officers. The *Long* decision was merely an extension of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which authorized officers to stop and frisk a suspect whenever an officer's safety is threatened. However, in a footnote to the opinion, the Supreme Court made it clear "that if the officers had arrested Long for speeding or for driving while intoxicated, they could have searched the passenger compartment under *New York v. Belton.*" 463 U.S. at 1034, n. 1, 103 S.Ct. at 3473, n. 1 (citation omitted). In another footnote to the opinion, the Court stressed:

> [O]ur decision does not mean that the police may conduct automobile searches *whenever* they conduct an investigative stop, although the "bright line" that we drew in Belton clearly authorizes such a search whenever officers effect a custodial arrest. An additional interest exists in the arrest context, i.e., preservation of evidence, and this justifies an "automatic" search. [Emphasis original.]

*Id.* at 1049, n. 14, 103 S.Ct. at 3481, n. 14.

Based on our review of the *Long* decision, we acknowledge that "[t]he sweeping language of *Belton* covers all lawful custodial arrests, regardless of the type or seriousness of the offense." W. RINGEL, SEARCHES & SEIZURES, ARRESTS AND CONFESSIONS § 11.2 at 11–8 (2d ed. 1990). In addition, the search of the vehicle need not be causally related to the arrest to be sanctioned by *Belton.* Accordingly, we hold that the search and seizure of contraband and other evidence from the console of Wheaton's vehicle was proper under the Fourth Amendment of the United States Constitution.

We now turn to Wheaton's alternative argument on appeal. Wheaton contends that, even if *Belton* authorizes the search of the console under the federal constitution, Article 1, § 17 of the Idaho Constitution should be interpreted to provide more protection to the citizens of our state. Essentially, Wheaton has argued that this Court should follow the decision of the New York Court of Appeals in *People v. Belton*, 55 N.Y.2d 49, 447 N.Y.S.2d 873, 432 N.E.2d 745 (1982), which was decided after the United States Supreme Court issued its opinion in *Belton*. In *People v. Belton*, the New York Court of Appeals interpreted the state constitution as follows:

> In conclusion, then, we hold, that where police have validly arrested an occupant of an automobile, and they have reason to believe that the car may contain evidence *related to the crime for which the occupant was arrested* or that a weapon may be discovered or a means of escape thwarted, they may contemporaneously search the passenger compartment, including any containers found therein. The search of defendant's jacket as it lay on the back seat was therefore proper, and the evidence seized admissible. [Emphasis added.]

*People v. Belton*, 55 N.Y.2d 49, 447 N.Y.S.2d 873, 432 N.E.2d at 748 (footnote omitted). Thus, while *Belton*'s conviction for possession of drugs was ultimately upheld even under the more narrowly drawn "automobile exception," a similar ruling in the present case would benefit Wheaton.

Wheaton's argument is intriguing. Where police officers are given discretion either to issue citations or make arrests for certain misdemeanors, such as the one in the present case, do Idaho citizens need protection against potential abuses of that discretion by officers who might be motivated to choose arrest simply because it opens the door for an unrestricted and unfocused search of the vehicle?

The state constitutional argument was not fully developed in the court below. Even if it were, the argument might be better pursued in the Idaho Supreme Court. We are constrained to follow our Supreme Court's unqualified adoption of *Belton* in *State v. Calegar*, 104 Idaho 526, 661 P.2d 311 (1983), and *State v. Pontier*, 103 Idaho 91, 645 P.2d 325 (1982). Consequently, we affirm the district court order denying the motion to suppress.

WALTERS, C.J., and SILAK, J., concur.