887 P.2d 57

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Brenda Kay KOPSA, Defendant–Appellant.**

No. 20984.

Court of Appeals of Idaho.

Dec. 20, 1994.

Lynn, Scott, Hackney & Jackson, Boise, for appellant. John C. Lynn argued.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

WALTERS, Chief Judge.

This is an appeal from a judgment of conviction entered upon jury verdicts finding the appellant, Brenda Kopsa, guilty of delivery of and trafficking in methamphetamine, I.C. §§ 37–2732, 37–2732B(a)(3). For the reasons expressed below, we affirm the judgment of conviction.

## I.

### FACTS AND PROCEDURAL HISTORY

This case began on December 28, 1992, with the delivery of a package to the Horizon Airlines baggage office at a Portland, Oregon, airport. The package was addressed to Brenda Kopsa in Boise and the shipper identified herself as Diane Wilkenson, with an

address and telephone number in Vancouver, Washington. Wilkenson advised the Horizon employee that the package contained a belated Christmas gift of a napkin holder or pen holder.

The employee gave Wilkenson a form provided to all customers, which stated that Horizon Airlines reserved the right to inspect the contents of packages shipped. The Horizon employee became suspicious of the package because it felt too light for what Wilkenson claimed it contained. Moreover, the employee believed Wilkenson appeared very nervous and looked and behaved as though she might have been under the influence of drugs. Based on this suspicion, the employee opened the package after Wilkenson left and found a white powdery substance in a plastic baggy covered by multiple layers of packaging.

At approximately 2:30 p.m., the Horizon employee telephoned Detective Robert Erickson of the Portland Airport Interagency Narcotics Team (PAINT), stating that she had received a package which might contain controlled substances. Erickson responded to the telephone call and was shown the open package. Erickson then took the package to the PAINT office located inside the airport, where he conducted a test of the white powder and found that it tested positive for the presence of methamphetamine. Erickson also discovered that both the name "Diane Wilkenson" and the address Wilkenson had given were fictitious. Erickson then contacted Special Agent Kim Pieper of the Idaho Bureau of Narcotics and arranged for a controlled delivery of a quantity of the methamphetamine to Kopsa. Erickson repackaged approximately 27.02 grams of the methamphetamine and forwarded the package to Agent Pieper via Horizon Airlines.

At approximately 9:50 p.m., Kopsa arrived at the Horizon baggage claim office in Boise to pick up the package. A friend who had accompanied Kopsa to the airport remained in Kopsa's vehicle outside the building. Agent Pieper, who was undercover and attired in a Horizon uniform, met Kopsa inside the office. After having Kopsa sign for the package, Pieper informed her that the package had been opened in the baggage room,

that he knew what was inside the package and that he wanted a "pinch" of the substance or he would contact the police. Pieper handed Kopsa an empty chewing tobacco can in which she was to place the substance. Kopsa denied knowledge of the contents of the package and asked Pieper twice if he was a "cop," to which he replied that he was not.

Kopsa then agreed to provide Pieper with some of the contents in the package and proceeded toward her car, which was parked directly outside the office. As Kopsa was exiting the building, Pieper told her that he had her license plate number and that if she left without providing the sample, he would turn her into the police. Kopsa went into her car and Pieper followed her, handing her a box knife through the window of her car. Kopsa then returned to the baggage office and handed Pieper the chewing tobacco can containing a quantity of methamphetamine. She then returned to her car and began backing out, whereupon agents arrested her and searched her car without a warrant. The vehicle was registered in the names of Kopsa and another individual.

The officers seized the delivered package, which was still unopened, as well as an "STP" can, located behind the driver's seat on the floorboard. The STP can had a false bottom and contained two plastic baggies in which was found an additional 6.85 grams of methamphetamine. From Kopsa's wallet, the officers seized two money orders made out from Kopsa to an individual named Kelly Nichols in Portland, Oregon. One of the money orders was dated December 23, 1992, and was in the amount of $900 and the other was dated December 27, 1992, and was in the amount of $1,000. The officers also found a list containing the name "Kelly" followed by a phone number with an Oregon area code. Erickson later located a Kelly Nichols living in Portland.

Following a jury trial, Kopsa was found guilty of delivery of and trafficking in methamphetamine, in violation of I.C. §§ 37–2732 and 37–2732B(a)(3), respectively. Kopsa appeals, assigning several bases of error to the district court.

## II.

### ANALYSIS

A. *Whether the airline employee in Portland, Oregon, was acting as an agent of the state when she conducted a search of the package.*

■ Kopsa argues that the initial search of the package was a governmental search requiring probable cause and a warrant and that the trial court erred in refusing to suppress the methamphetamine. The standard of review when a trial court has ruled on a motion to suppress evidence on constitutional grounds is one of deference to factual findings unless they are clearly erroneous, but free review of whether the trial court correctly applied the law to the facts. *State v. Weber,* 116 Idaho 449, 451–52, 776 P.2d 458, 460–61 (1989); *State v. Rusho,* 110 Idaho 556, 559, 716 P.2d 1328, 1331 (Ct.App.1986).

■ As a preliminary matter, we note that the district court made no explicit findings of fact regarding Kopsa's motion to suppress. The minutes of the suppression hearing state only that the district court "does not believe a reward policy would make her an agent of the Police." In reviewing a ruling on a suppression motion where the trial court did not make explicit findings of fact, the appellate court should examine the record to determine the implicit findings that underlie the judge's order. *State v. Middleton,* 114 Idaho 377, 380, 757 P.2d 240, 243 (Ct.App.1988).

■ It is firmly established that evidence obtained through a private search, even though wrongfully conducted, is not excludable under the fourth amendment unless government officials instigated the search or otherwise participated in a wrongful search. *State v. Pontier,* 103 Idaho 91, 94, 645 P.2d 325, 328 (1982). *See also State v. Johnson,* 110 Idaho 516, 519, 716 P.2d 1288, 1291 (1986); *State v. Castillo,* 108 Idaho 205, 207, 697 P.2d 1219, 1221 (Ct.App.1985). However, where a private party acts as an instrument or agent of the state in effecting a search or seizure, fourth amendment interests are implicated. *United States v. Walther,* 652 F.2d 788, 791 (9th Cir.1981). The burden of proving governmental involvement

in a search conducted by a private citizen rests on the party objecting to the evidence. *United States v. Koenig,* 856 F.2d 843, 847 (7th Cir.1988).

■ This Court has stated that "there is 'a "gray area" between the extremes of overt governmental participation in a search and the complete absence of such participation.' " *State v. Crawford,* 110 Idaho 577, 579, 716 P.2d 1349, 1351 (Ct.App.1986), quoting *Walther,* 652 F.2d at 791. These "gray area" inquiries can best be resolved on a case-by-case basis, consistently applying certain principles. *Id.* at 580, 716 P.2d at 1352. One of these principles is that *de minimus* or incidental contacts between the citizen and law enforcement agents prior to or during the course of a search or seizure will not subject the search to fourth amendment scrutiny. *Id.* The government must be involved either directly as a participant or indirectly as an encourager of the private citizen's actions in order to bring those actions within the purview of the fourth amendment. *Id.* In analyzing whether the person conducting the search is acting as a government agent, two critical factors must be considered: (1) government knowledge and acquiescence, and (2) the private party's intent in making the search. *Id.*

■ In support of her contention that the airline employee acted as an agent of the state, Kopsa directs attention to Detective Erickson's testimony that PAINT agents introduced themselves to airline employees, handed out business cards to them, and left stacks of "profile sheets" on the counters, which the employees would sometimes pass around. However, the airline employee testified that she did not receive any training from PAINT regarding the discovery of drugs. She also stated that she never saw PAINT's profile sheet, though she was aware of a certain profile provided to employees by Horizon. Kopsa also points out that PAINT had previously given rewards of $100–200 to airline employees who provided PAINT with packages containing controlled substances, and that the employee knew of past rewards from PAINT to other employees. However, the employee testified that she had no expectation of receiving a payment when she

opened the package and that in opening the package, she was simply "doing [her] duty as a citizen."

We hold that the government's involvement in the search of Kopsa's package was too attenuated to convert the airline employee into an agent of the state. Because the employee's search of Kopsa's package was a private search, Kopsa's fourth amendment rights were not implicated.

B. *Whether the trial court erred in refusing to compel disclosure of the identity of the airline employee who opened the package.*

Prior to trial Kopsa filed a motion to compel disclosure of the identity of the Horizon employee who opened the package or for an *in camera* hearing. The trial judge elected to conduct an *in camera* hearing but, in accordance with I.C.R. 16(f)(2),[1] did not compel disclosure of the employee's identity.[2] Kopsa asserts that the *in camera* proceeding was insufficient to protect her rights and that the district court erred in refusing to grant disclosure of the employee's identity as an informant.

■■■ Idaho Criminal Rule 16(f)(2) provides that disclosure of a confidential informant's identity is not required unless the informant is produced as a witness at a hearing or trial or unless such disclosure is otherwise ordered by the court. *See State v. Burke,* 110 Idaho 621, 629, 717 P.2d 1039, 1047 (Ct.App.1986). Such a policy of nondisclosure exists to preserve anonymity and to encourage citizens to communicate their knowledge of crime to law enforcement officials. *State v. Fairchild,* 121 Idaho 960, 965, 829 P.2d 550, 555 (Ct.App.1992). The decision regarding the extent of the informer privilege, embodied in I.R.E. 509, and whether to require disclosure of the identity of the confidential informant is left to the discretion

of the trial court. *Id.* A defendant bears the burden of demonstrating the need for disclosure of the identity of an informant. *United States v. Curtis,* 965 F.2d 610, 614 (8th Cir.1992). Mere speculation that the informant's testimony will be helpful to the defense will not suffice; there must be some showing that the disclosure is vital to a fair trial. *Id.*

■■■ In her motion, Kopsa stated that the grounds for her request for disclosure and for the *in camera* hearing were to discover the reasons that the informant opened the package, the authority by which the informant was acting, and to explore the informant's "veracity and reliability." In order to furnish Kopsa with this information, the trial judge allowed Kopsa to submit a list of questions which the judge asked the informant during the *in camera* hearing. Counsel for both parties listened to the questions and answers from another room. Kopsa's counsel was twice allowed to supplement the list of questions, and, using the same procedure, the judge again questioned the informant. At the conclusion of the questioning, the judge asked counsel if there were any other matters about which they wished to inquire, and Kopsa's counsel responded that he had no further questions.

Kopsa has failed to articulate any basis for her assertion that the *in camera* hearing was insufficient to protect her rights. She also fails to demonstrate how the informant's identity would have provided her with necessary information that the *in camera* proceeding did not. Consequently, we conclude that the district court did not err in refusing to disclose the informant's identity.

C. *Whether the warrantless search of Kopsa's vehicle was valid.*

Prior to trial, Kopsa filed a motion seeking to suppress all of the evidence seized from

---

1. I.C.R. 16(f)(2) states as follows:

    Informants. Disclosure shall not be required of an informant's identity unless such informant is to be produced as a witness at a hearing or trial, subject to any protective order under Rule 16(k) or a disclosure order under Rule 16(b)(8).

2. Prior to the *in camera* hearing, Kopsa filed a supplemental memorandum with the district court, again requesting disclosure of the identity of the informant, or, alternatively, that the *in camera* hearing be conducted "with full, direct and active participation by defense counsel" rather than in the manner that it ultimately was conducted.

her vehicle. The motion to suppress was denied. Kopsa asserts on appeal that the officers were not authorized to conduct the warrantless search of her vehicle.[3]

A warrantless search by law enforcement officials is per se unreasonable unless the search comes within certain specific and well delineated exceptions to the warrant requirement. *State v. Shepherd*, 118 Idaho 121, 122, 795 P.2d 15, 17 (Ct.App.1990). A search incident to an arrest is such an exception. *Id.* As explained by the United States Supreme Court in *New York v. Belton*, 453 U.S. 454, 460–61, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981): When a police officer has made a lawful custodial arrest of the occupant of an automobile, he or she may, as a contemporaneous incident of the arrest, search the passenger compartment of the automobile, as well as the contents of any containers, open or closed, found within the passenger compartment. Idaho courts have adopted and repeatedly adhered to *Belton.* *See State v. Smith*, 120 Idaho 77, 80, 813 P.2d 888, 891 (1991); *State v. Calegar*, 104 Idaho 526, 530, 661 P.2d 311, 315 (1983); *State v. McIntee*, 124 Idaho 803, 805, 864 P.2d 641, 643 (Ct.App.1993); *State v. Wheaton*, 121 Idaho 723, 725, 827 P.2d 1174, 1176 (Ct.App. 1991).

Kopsa urges this Court to reject the *Belton* approach and, instead, to hold that Article 1, § 17 of the Idaho Constitution provides greater protection from such warrantless searches than its federal counterpart. Such a request has been made to this Court on prior occasions. *See Wheaton*, 121 Idaho at 727, 827 P.2d at 1178. In *Wheaton*, this Court stated that although the appellant's argument was "intriguing," we were "constrained to follow our Supreme Court's unqualified adoption of *Belton* in [*Calegar* and *Pontier, supra*]." *Id.* We reach the

same conclusion today and reject Kopsa's state constitutional argument.[4]

D. *Whether the delivery of the methamphetamine to Pieper was the result of entrapment, necessity or duress.*

Prior to trial, Kopsa filed a motion to dismiss the charge for delivery of methamphetamine to Pieper, contending that the delivery was the result of entrapment, necessity or duress. The district court denied the motion and Kopsa asserts the court's ruling was error.

Entrapment occurs when an otherwise innocent person, not inclined to commit a criminal offense, is induced to do so by a state agent who, desiring grounds for prosecution, originates the criminal design and implants in the mind of the innocent person the disposition to commit the alleged offense. *State v. Mata*, 106 Idaho 184, 185–86, 677 P.2d 497, 498–99 (Ct.App.1984). There is a distinction between originating the idea for an offense and merely furnishing the opportunity to commit it. *Id.* at 186, 677 P.2d at 499. The latter is not entrapment; rather, it is a legitimate method of ferreting out crime. *Id.*

Kopsa contends that she would not have delivered the quantity of methamphetamine to Pieper had he not induced her to do so. While it is true that Kopsa would not have committed the specific crime of delivery of methamphetamine to Pieper had he not instigated such a delivery, this does not establish a valid entrapment defense. It is clear that Kopsa was not an "otherwise innocent person" uninclined to commit a criminal offense. In fact, at the time Pieper prevailed upon Kopsa to give him a sample of the methamphetamine, Kopsa was engaged in the commission of a crime. The purpose of

---

3. Although the officers also searched the trunk of Kopsa's vehicle, all of the evidence at issue in this case was discovered in the passenger compartment of the vehicle.

4. The trial judge did not specify the grounds upon which he upheld the search of Kopsa's vehicle. We note that Agent Piper testified that he searched the automobile pursuant to a valid inventory search. As stated by this Court in *Shepherd,* however, an officer's explanation for

searching an automobile is not controlling. 118 Idaho at 124, 795 P.2d at 18. The lawfulness of a search is to be determined by the court, based upon an objective assessment of the circumstances which confronted the officer at the time of the search. *Id.* In light of our conclusion that the search of the automobile was conducted incident to a valid arrest, we do not address whether the search constituted a valid inventory search.

the ruse involving Pieper was not to convince an innocent citizen to commit a crime, but to discover whether Kopsa knew that the package sent to her contained methamphetamine. As such, it served as a "legitimate method of ferreting out crime," *Mata, supra,* and did not constitute entrapment.

Kopsa also asserts that the evidence should have been suppressed as she had a valid necessity defense. The basic premise behind the necessity defense is that a person who is compelled to commit an illegal act in order to prevent a greater harm should not be punished for the act. *State v. Hastings,* 118 Idaho 854, 855, 801 P.2d 563, 564 (1990). The elements of the common law defense of necessity are: (1) a specific threat of immediate harm; (2) the circumstances which necessitate the illegal act must not have been brought about by the defendant; (3) the same objective could not have been accomplished by a less offensive alternative available to the actor; and (4) the harm caused was not disproportionate to the harm avoided. *Id.*

Kopsa essentially argues that Pieper's threats to inform police of the contents of her package constituted a "threat of immediate harm" and that she delivered the methamphetamine to Pieper in order to avoid the "greater harm" of being arrested. We reject this distorted interpretation of the necessity defense. Certainly, it cannot be seriously argued that the threat of arrest or conviction constitutes a "greater harm" as contemplated by the necessity defense. A defendant's fear of being held accountable for a crime he or she has committed cannot serve to justify the commission of another offense.

Kopsa also states that she delivered the methamphetamine to Pieper under duress. There is little case law in Idaho regarding such a defense; however, I.C. § 18–201(4) codifies its basic tenets. Under I.C. § 18–201(4), persons are incapable of committing a crime (not punishable by death) if they commit the act or omission charged "under threats or menaces sufficient to show that they had reasonable cause to and did believe their lives would be endangered if they refused." *See also United States v. Kinslow,* 860 F.2d 963 (9th Cir.1988), *cert. denied,* 493 U.S. 829, 110 S.Ct. 96, 107 L.Ed.2d 60 (1989). Kopsa has failed to show that her life would be endangered if she refused to deliver the illegal substance to Pieper. Accordingly, we hold that the delivery of methamphetamine was not the result of duress and that the trial judge did not err in denying Kopsa's motion to dismiss the delivery charge.

### E. Whether the trial court erred in admitting certain evidence.

Prior to trial, Kopsa filed a motion to exclude evidence regarding shipment of a prior package to Kopsa through Horizon Airlines on December 22, 1992. The shipping bill for the package listed "Yogi Bear" as the shipper and gave a fictitious address in Portland. The motion also sought to exclude evidence concerning the two money orders from Kopsa to Kelly Nichols in Portland, Oregon, which were dated within a week of the two packages. The motion to exclude was denied. On appeal, Kopsa argues that the evidence was irrelevant and more prejudicial than probative.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401. Issues of relevancy are reviewed de novo. *State v. Raudebaugh,* 124 Idaho 758, 766, 864 P.2d 596, 604 (1993); *State v. Nichols,* 124 Idaho 651, 655, 862 P.2d 343, 347 (Ct.App.1993). We hold that it was relevant that Kopsa sent two money orders, both for substantial amounts, to the identical person in Portland within the same week that the two packages were sent from fictitious people and addresses and delivered to Kopsa through an airline from Portland. We conclude that this evidence made it more probable that Kopsa was engaged in trafficking methamphetamine.

However, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. I.R.E. 403. The lower

court's conclusion that the probative value of the evidence is not outweighed by its unfair prejudice is reviewed under an abuse of discretion standard. *State v. Matthews,* 124 Idaho 806, 809, 864 P.2d 644, 647 (Ct.App. 1993). In the instant case, we conclude that the evidence was not unfairly prejudicial and that the district court did not abuse its discretion in admitting it.

F. *Whether the evidence against Kopsa was sufficient to support the trafficking conviction.*

Following trial, Kopsa moved for a judgment of acquittal on the trafficking charge, pursuant to I.C.R. 29. The offense of trafficking in methamphetamine requires possession of at least 28 grams of methamphetamine. I.C. § 37–2732B(a)(3). The package sent to Kopsa contained 27.02 grams of methamphetamine, and the STP can found in Kopsa's vehicle contained 6.85 grams. Kopsa argues that the state did not establish that she had actual or constructive possession of the STP can and that the district court therefore erred in denying her motion to acquit her of the trafficking charge.

Under I.C.R. 29(a), a judgment of acquittal shall be entered if the evidence is insufficient to sustain a conviction of the offense charged. *State v. Printz,* 115 Idaho 566, 567, 768 P.2d 829, 830 (Ct.App.1989). Review of a denial of a motion for judgment of acquittal requires the appellate court to independently consider the evidence in the record and determine whether a reasonable mind would conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *Id.* In making this determination, all reasonable inferences are taken in favor of the state. *Id.*

In order to establish possession of a controlled substance, a defendant need not have actual physical possession of the substance, but the state need only prove that the defendant has such dominion and control over the substance to establish constructive possession. *State v. Segovia,* 93 Idaho 594, 598, 468 P.2d 660, 664 (1970). What is crucial to the state's proof is a sufficient showing of a nexus between the accused and the controlled substance. *State v. Fairchild,* 121 Idaho 960, 969, 829 P.2d 550, 559 (Ct.App. 1992). Knowledge of the existence of controlled substances may be inferred through circumstances. *State v. Clayton,* 101 Idaho 15, 16, 607 P.2d 1069, 1070 (1980).

In the instant case, the STP can was located in a car which was driven by Kopsa and was registered in the names of Kopsa and another individual. Kopsa had just received a package containing a substantial amount of methamphetamine, the same substance contained in the STP can. Moreover, although Kopsa took the package containing methamphetamine into her car before delivering a sample to Pieper, the package was found unopened when the car was searched. This demonstrated that Kopsa had extracted the sample from another source of methamphetamine within the car.

Based on these facts, we conclude that the jury reasonably could find that Kopsa had sufficient dominion and control over the can and its contents to establish her possession of them. Accordingly, we hold that the district court did not err in refusing to grant Kopsa's motion for judgment of acquittal on the trafficking charge.

G. *Whether the weights of the materials in various containers may be added together to support a trafficking charge.*

Kopsa claims that it was impermissible for the state to establish trafficking under I.C. § 37–2732B(a)(3) by adding together the quantities of methamphetamine found in the package and the STP can. Kopsa presents no authority or cogent argument to support her assertion, and our reading of the statute convinces us that her claim is without merit.

### III.

### CONCLUSION

We hold that the Horizon employee acted as a private party, and not as an agent of the state, when she opened the package; therefore, her behavior was not subject to fourth

amendment strictures. Additionally, we conclude that the evidence seized from Kopsa's vehicle was the result of a valid search incident to arrest and that the district court properly admitted all evidence found within the vehicle.

We have also determined that disclosure of the identity of the airline employee was not required; that the delivery of the methamphetamine to Pieper was not the result of entrapment or other unlawful coercion; and that the trafficking conviction is fully supported by the record. Accordingly, the judgment of conviction entered against Kopsa is affirmed.

LANSING and PERRY, JJ., concur.