**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45274**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 14, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TYSON I. RACEHORSE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying motion to suppress, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Tyson I. Racehorse appeals from the district court's judgment entered upon Racehorse's conditional guilty plea to possession of methamphetamine. Specifically, Racehorse challenges the denial of his motion to suppress.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Racehorse ordered a "dinner deal bag" from a grocery store deli. He then took an item off a store shelf and put it in the dinner deal bag, along with two beers. The senior loss prevention specialist ("specialist") at the grocery store witnessed these actions. Racehorse began to exit the store after going through the self-check register and scanning only his dinner deal bag and one can of beer. At that point, the specialist and another store employee stopped him and said they needed to discuss the items he failed to pay for. Racehorse cooperated and they went

1

to the store business office where Racehorse was asked to empty his pockets. He removed a large quantity of cash and a syringe. Specialist also noticed there was a pack of cigarettes in Racehorse's jacket pocket. Specialist contacted the police after asking a few questions about the stolen items.

An officer arrived and specialist informed him about the stolen items. The officer read Racehorse his *Miranda*[1] warnings. Racehorse agreed to talk with the officer and provided identification. He admitted to concealing one item with the intent of not paying for it, but claimed the other was an accident. He also claimed the syringe belonged to a family member who needed it for medical purposes. Racehorse gave the officer permission to search his jacket. The officer removed the pack of cigarettes and inside found a plastic bag of a substance the officer believed to be methamphetamine. The officer informed Racehorse he was under arrest. During the search incident to arrest the officer found another plastic bag in Racehorse's pocket containing a substance the officer believed to also be methamphetamine.

The State charged Racehorse with possession of methamphetamine with the intent to deliver, Idaho Code § 37-2732(a)(1)(A), and a persistent violator enhancement, I.C. § 19-2514. Racehorse filed a motion to suppress, which the district court denied. Racehorse entered a conditional guilty plea, reserving the right to appeal the court's denial of his motion to suppress. In exchange for his guilty plea, the State agreed to amend the charge to possession of methamphetamine, I.C. § 37-2732(c)(1). Racehorse timely appeals.

## II.

## ANALYSIS

Racehorse requests this Court reverse the order denying his motion to suppress, vacate his judgment of conviction, and remand the case for further proceedings. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Racehorse challenges the search conducted by specialist, claiming specialist acted as a government agent when he had Racehorse empty his pockets. This Court has set forth the following standards for analyzing private searches:

> The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. It is well established that evidence obtained through a private search, even if wrongfully conducted, is not excludable under the Fourth Amendment unless government officials instigated the search or otherwise participated in a wrongful search. *United States v. Jacobsen*, 466 U.S. 109, 113-14, 104 S. Ct. 1652, 1656-57, 80 L.Ed.2d 85, 93-95 (1984); *State v. Pontier*, 103 Idaho 91, 94, 645 P.2d 325, 328 (1982); *State v. Kopsa*, 126 Idaho 512, 517, 887 P.2d 57, 62 (Ct. App. 1994). However, where a private party acts as an agent of the State in effecting a search, Fourth Amendment protections are implicated. *United States v. Walther*, 652 F.2d 788, 791 (9th Cir. 1981); *Kopsa*, 126 Idaho at 517, 887 P.2d at 62. The burden of proving governmental involvement in a search conducted by a private citizen rests on the party objecting to the evidence. *Kopsa*, 126 Idaho at 517, 887 P.2d at 62.
>
> This Court has noted that there is a "gray area" between the extremes of overt governmental participation in a search and the complete absence of such participation. *Kopsa*, 126 Idaho at 517, 887 P.2d at 62. Courts should analyze gray area inquiries on a case-by-case basis, referring to certain general principles. *Id.* One such principle is that *de minimis* or incidental contacts between a citizen and law enforcement prior to or during the course of a search do not subject the search to Fourth Amendment scrutiny. *Id.* In order to bring a private citizen's actions within the purview of the Fourth Amendment, the government must be involved either directly as a participant or indirectly as an encourager. *Id.*; *see also Walther*, 652 F.2d at 792 (holding that the presence of law enforcement officers who do not take an active role in encouraging or assisting an otherwise private search has been held insufficient to implicate Fourth Amendment interests, especially where the private party has had a legitimate independent motivation for conducting the search); *United States v. Gomez*, 614 F.2d 643, 645 (9th Cir. 1979) (concluding that, when a common carrier conducts a search on its own initiative and for its own purposes, such a search is normally considered private and not governmental in nature and does not give rise to Fourth Amendment protections). *Thus, when analyzing whether the person conducting the search is acting as an instrument or agent of the government, we consider two critical factors--whether the government knew of and acquiesced in the intrusive conduct and whether the party performing the search intended to assist law enforcement efforts or further his or her own ends. Walther*, 652 F.2d at 791; *Kopsa*, 126 Idaho at 517, 887 P.2d at 62.

*State v. Breese*, 160 Idaho 841, 843-44, 379 P.3d 1111, 1113-14 (Ct. App. 2016) (emphasis added).

Racehorse acknowledges he did not present evidence that the officer knew of or acquiesced in specialist's request that Racehorse empty his pockets. Rather, his argument is that

3

specialist intended to aid the government when making the request. His argument is based on the fact that specialist did not tell Racehorse he could put the items he had removed back into his pockets. Specialist testified the request to empty Racehorse's pockets was "[f]or the safety of myself and other associates and customers, to remove all merchandise and recover all merchandise that was not paid for and to validate that there is no weapons on the subject, for my safety and the safety of our employees and customers." There was no evidence he made the request to assist law enforcement. Specialist further testified that it is his "standard procedure" to not instruct someone who is being detained for shoplifting that the items removed from his or her pockets may be returned to the pockets. He stated, "it's not something that I do with any subject ever." There is substantial and competent evidence to support the district court's finding that specialist's search was not conducted to assist law enforcement; thus, the protections provided under the Fourth Amendment were not implicated. Racehorse has failed to show the district court erred in denying his motion to suppress evidence obtained as a result of specialist's search.

Racehorse also alleges the officer exceeded the scope of Racehorse's consent when he searched the cigarette pack. A warrantless search conducted pursuant to valid consent does not violate the Fourth Amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (citations omitted). Consent is valid if it is free and voluntary. *Id*. at 225-26. In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth*, 412 U.S. at 248; *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect? *Florida v. Jimeno*, 500 U.S. 248, 251 (1991).

Racehorse does not challenge the district court's finding that the officer had valid consent to search his jacket. He asserts the search of the cigarette pack exceeded the scope of his consent to search his jacket because he contends the cigarette pack had been removed. Thus, he argues

4

that the district court's factual finding that the cigarette pack was in his jacket is clearly erroneous. Findings will not be considered clearly erroneous if they are supported by substantial evidence in the record. *State v. Stewart*, 145 Idaho 641, 648, 181 P.3d 1249, 1256 (Ct. App. 2008). Racehorse acknowledges that the officer testified the cigarette pack was in the jacket. He asserts specialist's testimony on direct examination indicates the pack had been removed; he specifically points to specialist's statement that "Mr. Racehorse removed several items. There was a large quantity of cash, there was a needle . . . there was a pack of cigarettes that was in the jacket, and . . . after confirming that that was all that was in the jacket, I just set that aside." However, Racehorse acknowledges that specialist confirmed the cigarette pack was still in the jacket on cross-examination. Racehorse also focuses on testimony of the employee that accompanied specialist to the store business office with Racehorse. The employee indicated she thought the cigarette pack had been pulled out of the jacket, but also that she could not remember whether the officer or specialist removed the cigarette pack. This potential conflicting evidence does not meet the burden of proving the district court's finding that the cigarette pack was in the jacket is clearly erroneous. The district court's finding is supported by substantial evidence in the record. As such, Racehorse has failed to show the district court erred in denying his motion to suppress evidence obtained as a result of the officer's search of his pack of cigarettes.

## III.
## CONCLUSION

The district court did not err in denying Racehorse's motion to suppress. Accordingly, Racehorse's judgment of conviction is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.