**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47944**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 23, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DEREK PRESTON TUCKER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Derek Preston Tucker appeals from his conviction for felony possession of a controlled substance and misdemeanor possession of paraphernalia. Tucker argues that there was insufficient evidence to support his conviction. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Tucker was arrested at his place of work pursuant to a warrant. While conducting a search incident to arrest, officers found a black zippered pouch in Tucker's pocket. Upon opening the pouch, the officers discovered a clear bag with a crystalline substance and a tubular glass item with a bulbous end. The substance tested positive for methamphetamine. Tucker was charged with felony possession of methamphetamine and misdemeanor possession of paraphernalia.

1

At trial, the State presented testimony from both arresting officers. They testified that they performed the arrest pursuant to a warrant, during which Tucker did not appear unusually nervous or under the influence and, although he initially pulled away from the officers when handcuffed, was otherwise compliant. Based on their training and experience, the crystalline substance appeared to the officers to be methamphetamine and the glass tube a pipe used for smoking methamphetamine. The pipe appeared to have residue and slight discoloration that indicated previous use. A forensic scientist testified that she tested the crystal substance and concluded it contained methamphetamine. The residue in the glass pipe was not tested.

Based on this evidence, the jury found Tucker guilty on both counts. The district court sentenced Tucker to five years with two years determinate and suspended the sentence. Tucker timely appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Tucker argues that the State presented insufficient evidence to support the jury's finding of guilt. Specifically, Tucker argues that the State presented insufficient evidence that he knew he was in possession of a controlled substance or intended to use the paraphernalia to introduce a controlled substance into his body.

In order to secure a conviction for possession of methamphetamine, in violation of Idaho Code § 37-2732(c), the State must prove that the defendant knowingly possessed the controlled substance. *State v. Blake*, 133 Idaho 237, 241-42, 985 P.2d 117, 121-22 (1999). Thus, the defendant's ignorance of the presence of the substance, or mistaken belief that it was an innocuous material, if believed by the jury, would be exculpatory. The requisite knowledge of the presence of a controlled substance may be proved by direct evidence or may be inferred from the circumstances. *State v. Kopsa*, 126 Idaho 512, 521, 887 P.2d 57, 66 (Ct. App. 1994).

Similarly, in order to secure a conviction for possession of paraphernalia, the State must show that the defendant possessed paraphernalia with the intent to "plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." I.C. § 37-2734A(1).

Tucker argues the only evidence the State presented to support the jury's finding was the fact that the drugs and an alleged pipe were found on his person. This, he argues, is inadequate to support the jury's finding of guilt. In support of this argument, Tucker cites to two Indiana cases for the proposition that, outside additional evidence, possession of paraphernalia alone cannot prove intent to use it to ingest controlled substances. Instead, the State must provide some additional evidence showing knowledge in the case of controlled substances, or intent to use paraphernalia. This may include a history of drug use, actions showing consciousness of guilt, or physical evidence of drug use, none of which were present in this case.

While possession alone may be insufficient, we disagree that the evidence presented to the jury was inadequate to show knowledge and intent. The jury was presented with evidence that Tucker was arrested by police officers at work and searched pursuant to arrest; during the search a zippered black pouch was found in his cargo pants pocket; the pouch contained a substance identified through both officers' observation, training, and experience and a forensic scientist to be methamphetamine;[1] and the pouch also contained a pipe identified by both officers as one to be used to smoke methamphetamine with burnt residue indicating use. This evidence, viewed in

---

[1] Tucker does not dispute that the substance found in the baggie in his pocket was methamphetamine or that the pipe could be used to smoke methamphetamine. Tucker also does not dispute that the jury was properly instructed on the knowledge and intent elements of each charge.

the light most favorable to the prosecution and with deference to the reasonable inferences drawn by the jury in favor of its verdict, is sufficient to support their finding of guilt.

Several factors support the jury's inference that Tucker knew the nature of the controlled substance in his pocket and intended to use the paraphernalia. First, the pouch was found on Tucker's person. It is much more likely that one would be aware of the contents of one's pockets than the contents of, for example, a vehicle in which one is a passenger or a home one is visiting. Second, the fact that the methamphetamine was kept in a pouch with a used instrument identified as a tool to smoke the substance also supports the jury's inference that Tucker knew the substance was methamphetamine. This is also true as it relates to the paraphernalia. It is not likely that one would keep a used pipe in a pouch with methamphetamine on one's person without some intent to smoke methamphetamine with it at some point. As the State points out, this also distinguishes this case from the Indiana cases cited by Tucker, as the defendants in those cases only possessed paraphernalia, not controlled substances. The evidence, together with the reasonable inferences from the circumstances, was sufficient to support the jury's determination that Tucker knew the nature of the substance in his pocket, and intended to use the paraphernalia.

## IV.
## CONCLUSION

The evidence presented to the jury was sufficient to support their finding of guilt. Accordingly, the district court's judgment of conviction is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

4