759 P.2d 947

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Daniel J. HEINEN,**
**Defendant–Respondent.**

**No. 17015.**

Court of Appeals of Idaho.

Aug. 1, 1988.

Petition for Review Denied
Sept. 21, 1988.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant. ·

William M. Appleton, Appleton and Cameron, Coeur d'Alene, for defendant-respondent.

WALTERS, Chief Judge.

The state charged Daniel James Heinen with grand theft by possession of stolen property. Heinen moved to suppress the contents of a briefcase found in his possession at the time of his arrest, claiming the warrantless search by law enforcement officers was illegal. The district court granted the motion and the state appeals. For the reasons explained below, we reverse the order of the district court.

On March 3, 1987, Heinen entered a motel room in Coeur d'Alene and met with an undercover operative employed by Transtector Corporation.[1] In that meeting Heinen allegedly sold the operative a stolen list of Transtector business clients in exchange for $3,000. When Heinen left the motel room he was approached and arrested by two police officers. He was told to place the briefcase down and was then handcuffed. Within a few moments of his arrest one of the officers picked up the briefcase, opened it briefly and observed a large stack of currency and some miscellaneous papers. The officer then closed the briefcase. Heinen was transported and booked into jail. The officers took the briefcase to the detectives' office, inventoried the contents and recovered $3,000 in currency and a Transtector customer list.

---

1. The motel room was wired for video and audio surveillance. Police officers were also monitoring the transaction from a vantage point in another room at the motel.

Heinen concedes that the police had probable cause to make the warrantless arrest. Therefore, the sole question presented is whether the seizure of the briefcase and the initial search of its contents at the time Heinen was arrested, coupled with the subsequent search at the detectives' office, violated Heinen's Fourth Amendment right to be free from unreasonable searches and seizures.

■■■ A search by law enforcement officers without a warrant is *per se* unreasonable unless it falls within certain specific and well delineated exceptions. *State v. Harwood,* 94 Idaho 615, at 617–18, 495 P.2d 160 at 162 (1972); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971). The determination of what is reasonable, within the meaning of the Constitution, is a question of law. In reviewing such questions, we exercise free review. *Standards of Appellate Review in State and Federal Courts,* IDAHO APPELLATE HANDBOOK § 3.2 (Idaho Law Foundation, Inc. 1985). Once review is sought, the appellate court has the ultimate responsibility of measuring the facts as found by the trier against the constitutional standard of reasonableness. *State v. Allgood,* 98 Idaho 525 at 529, 567 P.2d 1276 at 1280 (1977), *citing: People v. Gale,* 511 P.2d 1204 (Cal.1973); *People v. Lawler,* 507 P.2d 621 (Cal.1973). The proper standard of review is one of deference to factual findings unless they are clearly erroneous. But, we may undertake a free review of the trial court's determination as to whether constitutional requirements have been satisfied in light of facts found. *State v. Rusho,* 110 Idaho 556, 559, 716 P.2d 1328, 1331 (Ct.App.1986). Here, the facts are undisputed. Accordingly, our review concerns only the question of law.

It is clear that a police officer may conduct a warrantless search of a suspect incident to the lawful arrest of that person. In *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the United States Supreme Court recognized two exigent circumstances under which warrantless searches incident to arrest may be conducted: (1) to protect the officer and others in the vicinity from any dangerous weapons in the arrestee's possession, and (2) to prevent the destruction of evidence within the arrestee's possession. The Court further broadened the *Chimel* exception in subsequent cases, concluding that because a "custodial arrest of a suspect based upon probable cause is a reasonable intrusion under the Fourth Amendment, ... a search incident to the arrest requires no additional justification." *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 476, 38 L.Ed.2d 427 (1973). More recently, this principle has been developed into an almost bright-line rule permitting police to search the area within the "wingspan" of the arrestee. *See generally* 1 W. RINGEL, SEARCHES AND SEIZURES, ARRESTS AND CONFESSIONS §§ 12.3, 12.4(b)(1) and cases discussed at note 39.

■■■ A search incident to arrest includes containers within the arrestee's immediate control. *E.g., Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) (search of shoulder bag incident to arrest based upon probable cause was valid). This exception covers bags or luggage carried by the arrestee—such as a briefcase. *See, e.g., United States v. Schleis,* 582 F.2d 1166 (8th Cir.1976) (search of briefcase incident to arrest upheld under *Chimel* ).

■■■ In the present case it is undisputed that Heinen was legally arrested while leaving the motel room. He was carrying the attache case and only placed it upon the ground when accosted by the police. The police had probable cause, based upon their surveillance, to believe that the $3,000 in "bait" money was somewhere on Heinen's person or within his possession. The time lapse between the purported illegal sale of the Transtector documents and Heinen's detention and arrest was brief. The room surveillance allowed them to follow the transaction aurally and their location allowed them visual observation from the moment Heinen left the room where the transaction had occurred. From their surveillance, the police believed the $3,000 would be somewhere in the proximity of Heinen. It was reasonable for them to

believe the money could be concealed in the attache case. We conclude the search conducted by the police of Heinen's briefcase was a valid search incident to his arrest.

Heinen next contends that because he had placed the briefcase down at the time of his arrest it was no longer in his control, but rather it was in the exclusive control of the police and thus there was not the slightest danger that the contents would be removed before a search warrant could be obtained. He cites *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1970), holding that the warrantless search of a footlocker at the police station house, one and one-half hours after the footlocker was seized from the defendant's automobile, was not permissible as a purported search incident to arrest. The Supreme Court in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), squarely rejected a similar "exclusive control" argument, pointing out that under such a theory no search incident to a lawful custodial arrest would ever be valid. We agree. The Colorado Supreme Court, faced with a similar argument, recently concluded that the fact that an arrestee is not physically able to reach the exact place or thing searched at the precise time of the search due to handcuffing or police restraint does not invalidate the *Chimel* search. *See People v. Hufnagel*, 745 P.2d 242 (Colo.1987). Rather, the state can meet its burden of showing that a warrantless search was reasonable by showing that it was contemporaneous with or immediately following the arrest and was limited to the area immediately around the defendant. *Id.*

We now turn to the question concerning the second search, conducted after booking Heinen, at another location and also without a warrant. Ordinarily a police inventory is performed to protect the police from claims of theft. In the instant case the police were performing an accounting of the recovered "bait" money used in the transaction.

We have concluded that the initial search of Heinen's briefcase, contemporaneous to his arrest, was valid. As to the "second search" performed after Heinen's booking, we find that it was, in essence, nothing more than a continuation of the initial search. To hold otherwise would suggest that should the police begin a valid search and some intervening circumstances (e.g. a sudden storm while performing a search in the open) arise, then the search would lose its validity. This would create a new "category analysis" approach and that we are disinclined to undertake.

Because the warrantless search and seizure of Heinen's briefcase was valid, the suppression order is reversed. Case remanded.

BURNETT and SWANSTROM, JJ., concur.