783 P.2d 327

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Leroy CHAMBLISS, Jr.,
Defendant–Appellant.**

**No. 17765.**

Court of Appeals of Idaho.

Dec. 5, 1989.

Joseph I. Mein, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Leroy Chambliss, Jr., entered a conditional plea of guilty to two crimes involving drugs. The charges were possession of a controlled substance, marijuana, with intent to deliver and possession of a controlled substance, methamphetamine. I.C. §§ 37–2732(a)(1); 37–2732(c)(1). Chambliss appeals from the district court's order denying his motion to suppress evidence found in his vehicle during a search incident to arrest. After considering the issue raised on appeal, we affirm.

The facts and events leading to this appeal are as follows. Deputy Sheriff Richard Fowler of Kootenai County and Officer Jason Felton of the Hayden Lake Police Department were informed by a citizen that there was a vehicle off the road on Strahorn Avenue in Kootenai County. The officers responded to the area. They noticed a pickup in the ditch and a white vehicle parked on the roadway in the wrong traffic lane. Chambliss was seated behind the wheel of the white vehicle. Because Chambliss' vehicle posed a potential traffic hazard, Officer Felton asked Cham-

bliss to move it to a safer location. Chambliss complied.

While Chambliss was still inside his vehicle, Officer Felton and Officer Fowler approached the vehicle in order to see Chambliss' identification and to inquire about the pickup parked in the ditch. Felton approached the driver's side of the vehicle. Fowler moved toward the passenger side. During Felton's conversation with Chambliss, Fowler observed, through the window, Chambliss lean toward the passenger side of the vehicle and pick up a round lid of a cookie tin. The cookie tin was lying on the floorboard of the passenger side of the vehicle. Fowler also observed a wood and brass pipe with a bowl, which he recognized as a marijuana pipe on a gray canvas bag in the cookie tin. Fowler then saw Chambliss put the lid on top of the tin and slide it under the passenger's seat. Fowler then moved around the rear of the vehicle toward the driver's side. As he peered through the rear window, Fowler noticed the muzzle of a rifle protruding from underneath some clothing in the back seat. The officers ordered Chambliss from the vehicle and arrested him for possession of drug paraphernalia and possession of a concealed weapon. Incident to the arrest, the officers seized the rifle and the marijuana pipe. When the marijuana pipe was removed from the cookie tin, nine individually wrapped and sealed bags of marijuana were found. A further search of the vehicle, also incident to the arrest, revealed methamphetamine located in a black change purse inside the glove compartment.

Chambliss was formally charged with possession of marijuana with intent to deliver and with possession of methamphetamines. There is no indication in the record that Chambliss was ever charged with the offense of possession of a concealed weapon. Chambliss initially pleaded not guilty to the controlled substance charges. However, after his motion to suppress was denied, he entered a conditional guilty plea to both drug possession charges. This appeal followed.

Chambliss argues the district court erred in finding that the arrest and subsequent search and seizure of Chambliss' vehicle incident to the arrest were reasonable. When considering whether an unreasonable search and seizure has occurred, we defer to the district court's findings of fact unless they are clearly erroneous. However, we undertake free review of the district court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Heinen*, 114 Idaho 656, 759 P.2d 947 (Ct.App. 1988).

■ First, Chambliss contends that the officer lacked probable cause to arrest him. Under I.C. § 19–603, a peace officer may make an arrest without a warrant for any public offense committed or attempted in his presence. Clearly, if an officer observes a marijuana pipe in plain view, in actual or constructive possession of a person, he has probable cause to arrest that individual for violating Idaho's drug paraphernalia statute. I.C. § 37–2734A(1). However, Chambliss asserts that probable cause was not present in this case because the marijuana pipe was not in "plain view."

As will become manifest in the ensuing discussion of the plain view doctrine, we think it is a cumbersome framework for addressing a simple factual issue at the heart of this appeal: whether the marijuana pipe actually could be seen, and was seen, from outside Chambliss' vehicle. However, since both sides have argued a plain view analysis, we will do the same.

The doctrine of plain view can be seen as an exception to the warrant requirement or as an exclusion from the scope of the Fourth Amendment itself. "The doctrine, simply stated, is that if a police officer is where he has a right to be, and he sees something in plain view, the observation is not a search and the ensuing seizure ordinarily is not subject to fourth amendment strictures." *State v. Rusho*, 110 Idaho 556, 558, 716 P.2d 1328, 1330 (Ct.App.1986). Plain view requires that three elements be satisfied: First, the officer lawfully must be in a position from which he can view the relevant area or object. *Coolidge v. New*

*Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Second if the officer occupies that position due to an intrusion (albeit lawful) into a place where a privacy interest exists, he must have acted for a valid law enforcement purpose other than to view the object or area in question. This is occasionally, and perhaps inaccurately, called the "inadvertent discovery" requirement. *State v. Bussard,* 114 Idaho 781, 760 P.2d 1197 (Ct.App.1988). Third, and finally, the observed item must have an immediately apparent connection with criminal activity. *State v. Holman,* 109 Idaho 382, 707 P.2d 493 (Ct.App.1985).

In the present case, the first requirement of the plain view doctrine was met. Fowler was initially in a place where he had a legal right to be at the time he observed the marijuana pipe. The record discloses that Felton and Fowler were investigating a reported accident when they discovered Chambliss parked in his vehicle near an abandoned pickup. It was proper police conduct for the officers to ask Chambliss for identification and inquire about the pickup. *Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). This is what the officers were doing when they approached Chambliss in his vehicle. Felton conversed with Chambliss from the driver's side while Fowler observed from the passenger side. It was from this vantage point that Fowler discovered the marijuana pipe. It is clear that Fowler observed the marijuana pipe from a place where he had a legal right to be.

The main thrust of Chambliss' argument is directed at the second element of the plain view doctrine, which Chambliss characterizes as the inadvertent discovery requirement. Building on this characterization, Chambliss contends that the discovery of the marijuana pipe was not inadvertent but was simply a pretext for searching the entire vehicle. Evidently, Chambliss means to argue that the pipe was itself the product of an illegal search because he goes on to contend that it could not be seen from outside the vehicle.

Chambliss' argument is legally and factually flawed. The legal flaw is that the so-called inadvertent discovery requirement applies only when the officer makes an observation after intruding, albeit lawfully, where a privacy interest exists. It would not apply to an officer making an observation from the street, outside a vehicle. This brings us to the factual flaw—Chambliss' request that we overturn findings by the district judge on whether the pipe actually was observed from the street. The judge found that the cookie tin was open at the time when Fowler observed the marijuana pipe. Chambliss contends that the testimony of Felton and Fowler are in direct conflict and that his testimony buttresses Felton's testimony that the cookie tin was closed. However, even though the testimony of Felton may be different from that of Fowler, the testimony when considered as a whole does not contradict Fowler's statement that the cookie tin was open and the marijuana pipe was visible. The trial judge, acting as the trier of fact, was entitled to place more weight on Fowler's testimony that the cookie tin was open and that he observed Chambliss placing the lid on the container. *State v. Kellogg,* 100 Idaho 483, 600 P.2d 787 (1979). The court's finding was appropriate in light of the fact that Fowler was in the best position to view the cookie tin because it was resting on the floorboard of the passenger side of the vehicle. From Felton's view of the cookie tin, it is reasonable to believe that he may not have seen Chambliss close the lid on the cookie tin. This conclusion is supported by Felton's testimony that Chambliss moved toward the passenger's side of the vehicle while seated in the driver's seat.

In any event, as we have noted, trial judge findings will be accepted on appeal unless clearly erroneous. Here, the judge had substantial, albeit somewhat conflicting, evidence to support his determination that the marijuana pipe was viewed from outside the vehicle. No intrusion preceded the viewing. Therefore, we conclude that the inadvertent discovery requirement has been met.

Finally, the third element of the plain view doctrine requires that it be immediately apparent to the officer that the items

seized were connected to criminal activity. This standard was met when Fowler openly observed the marijuana pipe through the window of Chambliss' vehicle. The record indicates that Fowler, based upon extensive experience in drug-related cases, was able to immediately recognize that the marijuana pipe violated Idaho's drug paraphernalia statute. I.C. § 37–2734A(1). Accordingly, we hold that all three requirements of the plain view doctrine were satisfied at the time Fowler observed the marijuana pipe in Chambliss' vehicle. The officers therefore had probable cause to arrest Chambliss, leading to a search of the vehicle incident to the arrest.

Chambliss next argues the officers were not justified in searching and seizing containers located within the passenger compartment of Chambliss' vehicle following his arrest. However, the United States Supreme Court in *New York v. Belton*, 453 U.S. 454, 461, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981), held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." The Court went on to explain that this means the police can examine the contents of any containers found within the passenger compartment of the vehicle. The Court also stated in a footnote to the opinion that a "container" can be any object capable of holding another object. The Court specifically held that a closed or open glove compartment meets the definition of "container." Pursuant to *Belton*, we hold that the officers were entitled to search and seize the marijuana from the cookie tin, as well as the methamphetamine found in a black change purse in the glove compartment of the vehicle.

In conclusion, we uphold the district court's order denying the motion to suppress. The judgment of conviction is affirmed.