814 P.2d 440

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ronald Boyd CAMPBELL, Defendant–Appellant.**

No. 18806.

Court of Appeals of Idaho.

July 31, 1991.

Lynn, Scott, Hackney & Jackson, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Ronald Campbell was charged with possession of a controlled substance, a felony, I.C. § 37–2732, and driving without privileges, a misdemeanor, I.C. § 18–8001. He filed a motion to suppress the controlled substance; the district court denied the motion. Campbell subsequently pled guilty to the crime of possession of a controlled substance, reserving the right to appeal the court's denial of his suppression motion. On appeal, Campbell argues that methamphetamine which the police found in a small vial in his pocket during a search incident to arrest, should not have been admitted as evidence. We affirm.

In the early afternoon of May 26, 1989, Campbell left the parking lot of a motorcycle club. A police officer had observed Campbell's vehicle earlier, and after investigation, discovered that the registered owner had a suspended driver's license. The officer saw Campbell turn onto a Boise city street and accelerate to a speed of approximately 55 miles per hour. The speed limit on the street was 35 miles per hour. The officer stopped Campbell and arrested him. Pursuant to the arrest, the officer conducted a search and found a small container in the pocket of Campbell's pants. The officer was unable to open the container so he took it to the police station. After examining the container, the officer discovered it had reverse threads and opened it. The vial contained .65 of a gram of methamphetamine.

Campbell filed a motion to suppress the evidence of the contents of the vial because they were seized without a warrant. Following the district court's denial of the motion, Campbell then pled guilty to possession of a controlled substance, but reserved his right to appeal the court's denial of his suppression motion. The court sentenced Campbell to thirty days in jail and a one thousand dollar fine, and stayed execution of the sentence pending appeal.

■ Campbell does not claim that his arrest or the search incident to the arrest were illegal. A search incident to a valid arrest does not violate the Fourth Amendment. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *State v. Harwood,* 94 Idaho 615, 495 P.2d 160 (1972); *State v. Cook,* 106 Idaho 209, 677 P.2d 522 (Ct.App.1984). Rather, Campbell claims that the police officer should not have opened the vial and examined its contents, and that the delay in opening the vial until the officer's return to the police station rendered the search invalid.

The issue in this case is similar to one raised in *State v. Slaybaugh,* 108 Idaho 551, 700 P.2d 954 (1985). There, the defendant's purse was seized after she had been arrested for driving under the influence. While Slaybaugh was being booked, the police examined the purse and found cocaine. This Court upheld the search of Slaybaugh's purse, relying on *United States v. Edwards,* 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974), for the proposition that it is not an unreasonable search for the police to examine and hold as evidence those personal effects of the arrestee

that they have already in their lawful custody as a result of a lawful arrest.

In *State v. Heinen,* 114 Idaho 656, 759 P.2d 947 (Ct.App.1988), the police briefly examined a suitcase at the scene of the arrest, then reexamined the contents more closely at the station. This Court rejected the claim that the "second search" was unconstitutional, stating it was nothing more than a continuation of the initial search. *Id.* at 659, 759 P.2d at 950. To hold otherwise would suggest that should police begin a valid search and some intervening circumstances (*e.g.,* a sudden storm while performing a search in the open) arise, then the search would lose its validity. *Id.*

Here, Campbell was searched incident to a lawful arrest. The arresting officer found a vial in Campbell's pocket. Because the officer was unable to open the vial at the scene of the arrest, he took it to the police station with him where he was able to open it. When he opened it, he discovered a white powdery substance which he believed to be a controlled substance. The officer would have been justified in opening the vial at the time Campbell was arrested, and that justification still existed when he opened it at the police station. *See State v. Calegar,* 104 Idaho 526, 530, 661 P.2d 311, 315 (1983); *State v. Smith,* 120 Idaho 77, 813 P.2d 888 (1991).

The order of the district court denying Campbell's motion to suppress the methamphetamine seized from the vial is affirmed.

WALTER, C.J., and SWANSTROM, J., concur.