918 P.2d 1231

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kaye Allison OWSLEY, Defendant–Appellant.**

**No. 21706.**

Court of Appeals of Idaho.

June 26, 1996.

Randall D. Schulthies, Bannock County Public Defender; Curtis F. Christie, Deputy Public Defender (argued), Pocatello, for appellant.

Alan G. Lance, Attorney General; Mark P. Murphy, Deputy Attorney General (argued), Boise, for respondent.

PERRY, Judge.

Kaye Allison Owsley appeals from the judgment of conviction entered following her

---

4.   *See* 1989 Idaho Sess.Laws, ch. 270, § 2, p. 659.

conditional plea of guilty to possession of a controlled substance and failure to affix a drug tax stamp. I.C. §§ 37–2732(c)(1) and 63–4204, –4205, –4207(2). The sole issue raised on appeal challenges the district court's denial of Owsley's motion to suppress. We affirm.

The relevant facts disclosed in the record are as follows. In February 1994, during the course of an unrelated criminal investigation, officer McClure of the Idaho Bureau of Narcotics, Operation Crackdown, learned of possible illegal drug activities involving Owsley. Officer McClure communicated the information to Owsley's probation officer, who shortly thereafter went to Owsley's address and conducted a search of the residence. Before the search was completed, officer McClure and other law enforcement officers, including a drug dog, arrived at the residence and participated in the search which uncovered quantities of drugs and evidence of sales and distribution. Owsley was charged with possession, possession with intent to deliver and failure to affix a drug tax stamp. After an unsuccessful motion to suppress the evidence seized in the search, Owsley ultimately entered an I.C.R. 11 conditional plea of guilty to possession and failure to affix a drug tax stamp. In exchange for her guilty plea, the state dismissed the charge of possession with intent to deliver.

As part of her conditional plea of guilty, Owsley reserved the right to appeal the denial of her motion to suppress. The motion asserted that the search was improperly initiated by a telephone call to Owsley's probation officer from officer McClure, urging that the probation officer conduct a search of Owsley's home. The motion further asserted that by calling the probation officer and joining in the search, officer McClure effectively vitiated the requirement to obtain a search warrant on the information he had that Owsley had drugs in her home.

The motion was decided after argument and briefing by counsel; no testimony was presented. In a memorandum decision and order dated June 9, 1994, the district court found that, as a probationer, Owsley had a lessened expectation of privacy and was subject to warrantless searches conducted by her probation officer.[1] The district court found, based upon its understanding of the parties' stipulation of facts, that the search in this case was conducted at the request of officer McClure. The district court further found that the search was conducted without a prior independent determination by the probation officer to conduct the search. Relying on *Smith v. Rhay,* 419 F.2d 160 (9th Cir.1969), the district court concluded that, regardless of her status as a probationer, Owsley was nevertheless entitled to protection against a search conducted by her probation officer where the probation officer merely acts as a "stalking horse" for the police. *See also State v. Vega,* 110 Idaho 685, 718 P.2d 598 (Ct.App.1986). The district court granted the suppression motion.

The state filed a motion for reconsideration on the grounds that a conflict existed between the court minutes and what was actually presented at the hearing on the suppression motion. The court minutes, containing the parties' stipulation of facts, recited that officer McClure had specifically requested the probation officer to search the home where Owsley was residing. However, the verbatim transcript reflected only that, based on the call from officer McClure, the probation officer went and searched Owsley's home. The district court set a hearing on the motion to reconsider in order to resolve the apparent discrepancy and to determine whether the probation officer had made an independent decision to conduct a search of the home.

The district court first concluded that it had authority to reconsider its prior decision

1. At the May 23, 1994, hearing on the suppression motion, the district court read into the record the paragraph from Owsley's probation agreement and order entitled "Warrantless Searches":

The defendant shall submit to searches of [her] person, personal property, automobiles, or residence at the request of the probation officer and without a search warrant.
The document containing the consent to search, however, was not placed in evidence by the state.

because the ruling on the suppression motion was based on a mistake in the court record, which incorrectly stated that officer McClure "requested" the probation officer to conduct a search. In referring to the transcript of the suppression hearing, the district court determined that the search proceeded "based on" the information supplied by officer McClure's call. From the evidence presented on the motion to reconsider, the district court found that the probation officer did make an independent decision leading to the search of Owsley's home. Accordingly, the district court denied Owsley's motion to suppress, reversing its earlier decision.

Owsley contends that the district court erred in finding that an independent decision had been made by the probation officer as a precursor to the search. Owsley argues that the search took place almost immediately after the probation officer received the call with information about a possible narcotics violation involving Owsley and at the behest of the Bureau of Narcotics' officer. Owsley argues that the timing of the search and the arrival of officer McClure and other local police officers to aid in the search indicate that the probation officer merely acted as their agent and allowed them access to Owsley's home without having to obtain a warrant.

■ When reviewing a motion to suppress, we defer to the lower court's findings of fact unless they are clearly erroneous. *State v. Weber,* 116 Idaho 449, 776 P.2d 458 (1989), *citing State v. Heinen,* 114 Idaho 656, 759 P.2d 947 (Ct.App.1988). Whether the probation officer made the decision to search Owsley's residence is essentially a factual question. *See Vega,* 110 Idaho at 688, 718 P.2d at 601.

■ The district court heard the testimony of the probation officer indicating the reasons underlying his decision to conduct the search of Owsley's residence. In addition to the reported information he had received from officer McClure, the probation officer considered that Owsley was awaiting a disposition hearing on a controlled substance probation violation. That violation stemmed from a home visit and search, which he had recently made, and the results of a positive urinalysis, which were in violation of the terms of Owsley's probation. The probation officer and officer McClure both testified that although law enforcement officers routinely pass on information about suspected criminal activity being committed by probationers to the probation officers, not all information necessarily leads to a search of the probationer's residence. Officer McClure in his testimony explained that Owsley's name had come up during another investigation, that she was not the focus of his investigation and that he had made no plans to search Owsley's residence to obtain evidence against her. Officer McClure denied that he had requested the probation officer to search, acknowledging nevertheless that he responded to the probation officer's call after drugs and paraphernalia were discovered in the home.

Accordingly, we hold that the district court's finding that the probation officer, not officer McClure, made the decision to conduct the search is supported by substantial and competent evidence and, therefore, not clearly erroneous. We conclude that the district court did not err in denying the motion to suppress.

The state has argued that the "stalking horse" proscription of *Smith* and *Vega* is inapplicable when the defendant has agreed, as a condition of probation, that warrantless searches of the defendant's home and person may be conducted by the defendant's probation officer. As noted in this case, however, the state failed to place in evidence Owsley's consent. In the court below, the state did not argue Owsley's consent as a basis for upholding the search. Because we hold that the district court's finding that the probation officer made an independent decision to search is not clearly erroneous, we need not address the argument concerning Owsley's consent here.

■ Finally, we will not address Owsley's assertion that the information given to the probation officer by officer McClure was insufficient to create a reasonable belief that a

probation violation had occurred, as that issue was not duly presented to the district court and is being argued for the first time on appeal. *See State v. Mauro,* 121 Idaho 178, 824 P.2d 109 (1991); *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991).

We affirm the order denying the motion to suppress and Owsley's judgment of conviction.

WALTERS, C.J., and LANSING, J., concur.