963 P.2d 1157

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Teaska D. HARVILL, Defendant–
Appellant.**

No. 22758.

Supreme Court of Idaho,
Moscow, October 1997 Term.

July 17, 1998.

Knowlton, Miles & Merica, Lewiston, for
appellant. Charles E. Kovis argued.

Alan G. Lance, Attorney General; Michael
A. Henderson, Deputy Attorney General,
Boise, for respondent. Michael A.
Henderson argued.

SILAK, Justice.

This is an appeal from the district court's
decision to deny a motion to suppress evi-
dence. Methamphetamine and paraphernalia
were found in a vehicle, after an arrest of the
passenger of the vehicle and a search of the
vehicle incident to arrest. The appellant ar-
gues that the search was a violation of her
constitutional right to be free from unreason-
able searches and seizures under Article I,
Section 17 of the Idaho Constitution and
therefore, the ruling of the district court was
in error. We affirm the decision of the dis-
trict court.

## I.

### FACTS AND PROCEDURAL
### BACKGROUND

On April 10, 1995, at approximately 2:25
a.m., Officer Doug Blume, a Lewiston police
officer, noticed a car which he knew was
often occupied by appellant Teaska D. Har-
vill (Harvill). Officer Blume was aware there
were several outstanding warrants for Har-
vill's arrest and notified Officer Bud Hurd,
who was following the car, that the car was
possibly occupied by Harvill. The officers
followed the car to a parking lot where the
car stopped. Harvill was a passenger in the
car. After verifying the arrest warrants, the
officers arrested Harvill, placed her in the
patrol car and then one officer searched the
vehicle. The driver of the vehicle was also
charged with possession of a controlled sub-
stance and taken to the police station. At
the time the vehicle was searched, the driver
of the vehicle was standing just outside the
vehicle.

During the search, the officer found a
purse, a skinning knife and medical forceps,
the tips of which had been scorched, under
the seat. Upon searching the purse, the
officer found baggies containing metham-
phetamine, a mirror, two straws, a marijuana
pipe and identification relating to Harvill.

Harvill was charged under Idaho Code
section 37–2732(c)(1) with possession of a
controlled substance. On May 31, 1995, Har-
vill pled not guilty to the charge. On July
13, 1995, Harvill filed a motion to suppress
evidence, alleging a violation of her constitu-

tional rights under the Idaho Constitution. In the motion Harvill argued that the vehicle in which she was a passenger was searched without a warrant and that the search was not incident to a lawful arrest. The trial court denied the motion and held that the search was conducted lawfully.

Harvill and the state later entered into a conditional plea agreement in which Harvill reserved her right to appeal the suppression order. Harvill appeals the order denying the suppression of the evidence.

## II.

### ISSUE PRESENTED ON APPEAL

Harvill presents the issue of whether a search of a vehicle incident to the arrest of the passenger is reasonable under Article I, Section 17 of the Idaho Constitution when that search is conducted after the passenger is removed from the vehicle, arrested, handcuffed and placed in the patrol car.

## III.

### STANDARD OF REVIEW

The standard of review for a motion to suppress evidence on constitutional grounds is one of " 'deference to factual findings unless they are clearly erroneous.' " *State v. Weber*, 116 Idaho 449, 452, 776 P.2d 458, 461 (1989) (quoting *State v. Heinen*, 114 Idaho 656, 658, 759 P.2d 947, 949 (Ct.App. 1988)). This Court engages in free review of whether the " 'constitutional requirements have been satisfied in light of facts found.' " *Id.*

## IV.

### THIS WAS A VALID SEARCH INCIDENT TO ARREST AND THEREFORE, THE DECISION OF THE DISTRICT COURT IS AFFIRMED.

This Court recently stated in *State v. Charpentier*, —— Idaho ——, 962 P.2d 1033, 1998 January Term, that the rule of *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), applies to the search of a vehicle incident to arrest under Article I, Section 17 of the Idaho Constitution. As

stated in *Belton*, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Belton*, 453 U.S. at 460, 101 S.Ct. 2860. This search can include containers within the passenger compartment. *Id.* The search here was incident to a lawful custodial arrest, and was limited to the passenger compartment and containers within it. Therefore, the instant search was a valid search incident to arrest under Article I, Section 17 of the Idaho Constitution. Accordingly, we hold that the decision of the district court to deny the motion to exclude the evidence was correct.

## V.

### CONCLUSION

The decision of the district court to deny the motion to suppress is affirmed.

SCHROEDER and WALTERS, JJ., concur.

JOHNSON, Justice, dissents.

I respectfully dissent. The Court bases its ruling that the search was valid on *State v. Charpentier*, —— Idaho ——, 962 P.2d 1033, 1998 January Term. I dissent in the present case for the same reasons expressed in my dissent in *Charpentier*.

TROUT, C.J., concurs in dissent.