**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50879**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    **Plaintiff-Respondent,**<br><br>v.<br><br>BRITTANY ALEEN CLIMER,<br><br>    **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  February 19, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Waldron Legal, PLLC; Maya P. Waldron, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Brittany Aleen Climer appeals from her judgment of conviction for possession of a controlled substance.  Climer contends the district court erred in denying her motion to suppress.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Two Idaho Fish and Game officers observed Climer and two other people near the Boise River.  Using binoculars from approximately twenty yards away, an officer observed Climer smoking something from a glass pipe.  The officers approached Climer, and upon seeing the officers Climer said, "oh fuck," and concealed the pipe under her shirt near the waistband of her pants.  The officers told Climer they saw her smoking and asked what she had been smoking.  Climer responded she had been smoking a cigarette and that she had thrown it into the river.

1

Climer was then handcuffed[1] and one of the officers pulled on Climer's shirt where she had hidden the pipe and a glass pipe fell to the ground. The officers subsequently searched Climer's purse and found methamphetamine and marijuana. The State charged Climer with possession of a controlled substance (methamphetamine) Idaho Code § 37-2732(c)(1), possession of a controlled substance (marijuana) I.C. § 37-2732(c)(3), and possession of drug paraphernalia, I.C. § 37-2734A(1), together with a persistent violator enhancement.

Climer moved to suppress all evidence against her, arguing that the officers did not have probable cause to arrest her. The district court denied the motion. Climer pled guilty to felony possession of a controlled substance reserving her right to appeal the denial of the motion to suppress. The State dismissed the remaining charges. Climer appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Climer argues the district court erred by denying her motion to suppress because the State failed to prove that her arrest and search incident to arrest were supported by probable cause. Specifically, Climer asserts the officers did not have an honest and strong belief that Climer possessed drug paraphernalia. Climer also contends that the officers lacked probable cause to arrest for littering. The State argues that the totality of the circumstances demonstrate that the officers had probable cause to arrest Climer for possession of drug paraphernalia or littering.

---

[1]     The district court determined that handcuffing Climer amounted to a de facto arrest necessitating probable cause.

Probable cause is a flexible, common-sense standard, and a practical, nontechnical probability that incriminating evidence is present is all that is required. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause for an arrest exists where an officer possesses information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person, they have placed under arrest, is guilty of a crime. *State v. Martinez-Gonzalez*, 152 Idaho 775, 779, 275 P.3d 1, 5 (Ct. App. 2012). Absolute certainty is not required. *State v. Tamez*, 116 Idaho 945, 946, 782 P.2d 353, 354 (Ct. App. 1989). In order to have probable cause to arrest, an officer must have the probability that a crime has been committed, rather than be certain, and an officer is allowed to use all of their senses and information from reliable sources to make this determination. *State v. Carr*, 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct. App. 1992). Further, officers are allowed to draw reasonable inferences from available information considering the knowledge the officer has gained through their experience and training. *State v. Kysar*, 116 Idaho 992, 993, 783 P.2d 859, 860 (1989). Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking. *District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018).

The district court concluded that the officers had probable cause to believe Climer was in possession of drug paraphernalia:[2]

> Before handcuffing Climer, the officers had probable cause to believe she was then engaged in committing [possession of paraphernalia]--[officer] had seen her smoking from what appeared to be a glass pipe, had seen her hide it on her person, had heard her "Oh, fuck" expression of concern that she had been seen engaging in drug behavior, and had heard her falsely confess to a littering offense in an obvious attempt to cover up her drug behavior. Because the arrest was supported by probable cause, there are no grounds for suppressing evidence of the glass pipe found by searching her person (pulling at the bottom of her shirt) or of the drugs found by searching the purse she was carrying.

Climer asserts the facts that the district court relied on do not rise to the level of probable cause "because the officers did not know exactly what Climer was smoking from, nor did they know what substance she was smoking." Climer suggests the officer had some uncertainty about the pipe because the officer had only seen her smoke "from what appeared to be a glass pipe." Further, Climer asserts that the officers suspected that she may have been smoking

---

[2]     The district court initially made findings and ruled from the bench. Later, the district court summarized its ruling in a written order.

3

methamphetamine or some other drug but did not know.  Climer argues that this lack of certainty may have given rise to reasonable suspicion, but not probable cause.

We disagree.  An officer's observation of an individual in possession of an item recognized to be drug paraphernalia will give rise to probable cause, and to a belief that the individual was in possession of drug paraphernalia.  *See State v. Smith*, 152 Idaho 115, 119-20, 266 P.3d 1220, 1224-25 (Ct. App. 2011) (holding officer had probable cause to arrest Smith for possession of drug paraphernalia after seeing marijuana pipe in vehicle); *State v. Chambliss*, 116 Idaho 988, 989, 783 P.2d 327, 328 (Ct. App. 1989) (noting that if an officer observes a marijuana pipe in plain view, in actual or constructive possession of a person, the officer has probable cause to arrest that individual for violating Idaho's drug paraphernalia statute).  Climer suggests that there was some uncertainty as to whether the item was a glass pipe, by focusing on the district court's statement that the item "appeared to be a glass pipe."  However, the testimony of the officer left little doubt that the item Climer was using to smoke was a glass pipe.  Moreover, in its initial ruling, the district court stated, "He didn't know that, didn't know what she was smoking, but he noticed she was smoking something from a glass pipe."  The evidence in the record supports the finding that the officer observed a glass pipe and believed it to be paraphernalia.

Climer argues that probable cause is lacking because the officers did not know exactly what Climer was smoking in the glass pipe.  Climer cites no case law holding that an officer is required to know exactly what an individual is smoking in a glass pipe before there is probable cause to believe that the glass pipe is paraphernalia.  Climer does not disagree that probable cause can be based on the clearly illicit nature of paraphernalia, or on circumstances indicating that possible lawful paraphernalia was in fact used to ingest a controlled substance.  Rather, Climer argues that the officers had a mere suspicion that Climer ingested a controlled substance, which did not raise to the level of probable cause to support an arrest.  The officers saw Climer smoking from a glass pipe, and as the district court noted, smoking from a glass pipe is not consistent with smoking a legal substance.  The officers believed the pipe was the type used to ingest methamphetamine or crack, thus demonstrating the illicit nature of the glass pipe.  Moreover, the circumstances indicate that the paraphernalia was used to ingest a controlled substance.  When officers approached Climer, she said, "oh fuck," which demonstrated to the officers that Climer knew she was doing something wrong.  Climer apparently lied when she told the officers that she had been smoking a cigarette and threw it into the river, contrary to the officers' observation.  Additionally, one of the

4

officers saw Climer attempt to conceal the pipe in the folds of her shirt. These facts, taken together, are sufficient to give rise to probable cause that Climer was in possession of drug paraphernalia.

Similar to this case, in *State v. Budka*, 169 Idaho 180, 183, 492 P.3d 1139, 1142 (Ct. App. 2021), probable cause was found where the officer saw a syringe and knew it to be an item that may be used for drug ingestion; Budka was not truthful and exhibited nervousness. As the district court noted in this case, the only uncertainty among the officers was not regarding whether Climer was in possession of drug paraphernalia, but rather what specific substance Climer had been smoking from the glass pipe. However, certainty as to what Climer was smoking in the glass pipe was not required to have sufficient evidence to establish probable cause. Further, the officers can draw on their experience and training when gathering information to establish probable cause. Thus, the district court did not err in denying Climer's motion to suppress because the officers had sufficient information to establish probable cause that Climer was in possession of drug paraphernalia under I.C. § 37-2734(a).[3]

## IV.

## CONCLUSION

The district court correctly denied Climer's motion to suppress because the officers had sufficient evidence to establish probable cause to arrest and search Climer. Accordingly, Climer's judgment of conviction for possession of a controlled substance is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.

---

[3] We need not address the alternative argument that the officer had probable cause to arrest Climer for littering.