# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43691

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 56** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 23, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SPENCER NEWELL BREESE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for trafficking in marijuana, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant. Andrea W. Reynolds argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

---

MELANSON, Chief Judge

Spencer Newell Breese appeals from his judgment of conviction entered upon his conditional guilty plea to trafficking in marijuana. Specifically, Breese argues that the district court erred in denying his motion to suppress evidence found in Breese's backpack. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Breese was traveling aboard a common carrier bus from Portland, Oregon, to Salt Lake City, Utah, when the bus made a scheduled stop in Boise. An employee of the bus company began rearranging passenger luggage in the bus's luggage compartment and detected a strong odor of marijuana emanating from a backpack. The employee locked the backpack in the

1

compartment and contacted law enforcement. Upon an officer's arrival, the employee explained his suspicion that the backpack contained an illegal substance. The employee indicated that he had a right to search the backpack under his company's published policy and wanted the officer to witness the search. Standing outside the compartment, the officer leaned forward in an effort to detect the odor of marijuana but indicated that he could not smell the odor. However, the employee confirmed that he could still detect the odor, removed the backpack from the luggage compartment, and searched it. The employee extracted three bags of a substance believed to be marijuana from the backpack. The officer directed that the three bags be returned to the backpack. The backpack had a tag on it identifying Breese as its owner. Breese was called to the area and he confirmed that the backpack was his. During the ensuing discussion about the contents of the backpack, Breese acknowledged that the substance was marijuana.

Breese was charged with one count of trafficking in marijuana. I.C. § 37-2732B(a)(1). Breese filed a motion to suppress the marijuana, arguing that the search of the backpack was unlawful under the Fourth Amendment. Following a hearing, the district court denied Breese's motion, finding that at no time did the officer instruct the employee, touch the backpack, or physically enter the bus's luggage compartment. The district court also found that the employee had a legitimate independent motivation for conducting the search of Breese's backpack. Consequently, the district court concluded that the Fourth Amendment was not implicated because the employee was not an agent of the government at the time of the search, and thus the marijuana was not suppressible under the exclusionary rule. Alternatively, the district court also held that, even if the search was governmental, the search fell within the automobile exception to the warrant requirement and was supported by probable cause. Breese entered a conditional guilty plea. The district court sentenced Breese to a determinate term of one year of confinement. Breese appeals.

## II.

## ANALYSIS

Breese argues that the search of the backpack was an illegal search and that the evidence found during the search should have been suppressed. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the

application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. It is well established that evidence obtained through a private search, even if wrongfully conducted, is not excludable under the Fourth Amendment unless government officials instigated the search or otherwise participated in a wrongful search. *United States v. Jacobsen*, 466 U.S. 109, 113-14 (1984); *State v. Pontier*, 103 Idaho 91, 94, 645 P.2d 325, 328 (1982); *State v. Kopsa*, 126 Idaho 512, 517, 887 P.2d 57, 62 (Ct. App. 1994). However, where a private party acts as an agent of the State in effecting a search, Fourth Amendment protections are implicated. *United States v. Walther*, 652 F.2d 788, 791 (9th Cir. 1981); *Kopsa*, 126 Idaho at 517, 887 P.2d at 62. The burden of proving governmental involvement in a search conducted by a private citizen rests on the party objecting to the evidence. *Kopsa*, 126 Idaho at 517, 887 P.2d at 62.

This Court has noted that there is a "gray area" between the extremes of overt governmental participation in a search and the complete absence of such participation. *Kopsa*, 126 Idaho at 517, 887 P.2d at 62. Courts should analyze gray area inquiries on a case-by-case basis, referring to certain general principles. *Id.* One such principle is that *de minimis* or incidental contacts between a citizen and law enforcement prior to or during the course of a search do not subject the search to Fourth Amendment scrutiny. *Id.* In order to bring a private citizen's actions within the purview of the Fourth Amendment, the government must be involved either directly as a participant or indirectly as an encourager. *Id.*; *see also Walther*, 652 F.2d at 792 (holding that the presence of law enforcement officers who do not take an active role in encouraging or assisting an otherwise private search has been held insufficient to implicate Fourth Amendment interests, especially where the private party has had a legitimate independent motivation for conducting the search); *United States v. Gomez*, 614 F.2d 643, 645 (9th Cir. 1979) (concluding that, when a common carrier conducts a search on its own initiative and for its own purposes, such a search is normally considered private and not governmental in nature and does

3

not give rise to Fourth Amendment protections). Thus, when analyzing whether the person conducting the search is acting as an instrument or agent of the government, we consider two critical factors--whether the government knew of and acquiesced in the intrusive conduct and whether the party performing the search intended to assist law enforcement efforts or further his or her own ends. *Walther*, 652 F.2d at 791; *Kopsa*, 126 Idaho at 517, 887 P.2d at 62.

On appeal, Breese contends that the employee was a government agent when he searched Breese's backpack because the officer knew and acquiesced to the search and because the employee intended to aid law enforcement efforts. In this instance, we conclude the second factor of the government agent analysis is determinative in deciding whether the bus employee was a government agent when he conducted the search of Breese's backpack, and therefore we need not address the first factor.

In support of his contention that the employee acted as a government agent, Breese relies on portions of the employee's testimony at the suppression hearing. Specifically, Breese cites the employee's response to the State's question, "Why do you prefer to have law enforcement present when you believe luggage contains [a] controlled substance?" The employee responded, "Because I never know what the quantities are going to be." Breese also relies on a follow-up exchange between the district court and the employee:

COURT:     I do have one more question. Help me understand why is it you wanted law enforcement there when you opened the bag that you were concerned about.

[EMPLOYEE]:     One, I'm never sure what the quantity is and I'm not--don't know what the legal--I know it's illegal as a substance. I'm not sure when I'm smelling it in a bag what the quantity is.

COURT:     Does the quantity make a difference in terms of whether or not--what [the bus company] is going to do?

[EMPLOYEE]:     No, it would be a difference on what the [police], on what the law enforcement is going to do with it.

Breese argues that this testimony shows that, when the employee contacted law enforcement, he intended to assist their efforts by identifying an individual whom the employee believed to be in possession of an illegal substance. Thus, Breese asserts that the employee's testimony contradicts the district court's findings and indicates the employee's intent in conducting the search was to assist law enforcement efforts.

4

The Idaho Supreme Court has previously noted that, when common carriers have a suspicion that a package may contain contraband, the carrier has the right, rooted in common law, to make an inspection of the package's contents. *Pontier*, 103 Idaho at 94 n.1, 645 P.2d at 328 n.1; *see also Illinois v. Andreas*, 463 U.S. 765, 769 n.1 (1983); *United States v. Pryba*, 502 F.2d 391, 399-400 (D.C. Cir. 1974). However, such a search may be classified as governmental intrusion where a carrier's employee engaged in a search for the sole purpose of assisting the government. *Walther*, 652 F.2d at 792. Conversely, there is no state action where the private party has a legitimate, independent motivation for conducting the search and acting in accordance with that motive. *Id.*; *see also United States v. Smythe*, 84 F.3d 1240, 1243 (10th Cir. 1996) (holding that a search was not governmental because a bus employee had a legitimate, independent motivation to open a package based on his independently formed belief that something was dangerous about the package and his concern for the passengers on the bus in which the package was to be shipped); *United States v. Entringer*, 532 F.2d 634, 637 (8th Cir. 1976) (holding that the Fourth Amendment does not require officers to obtain a warrant prior to entering upon a common carrier's premises with its consent to observe a search conducted in accordance with the carrier's own policies).

Even when a private person has authority to conduct a search, the person's motivation for exercising that authority and engaging in a search, especially in the presence of law enforcement, is a critical consideration when determining if the person is a private or government agent. *See, e.g., Walther*, 652 F.2d 788; *Gomez*, 614 F.2d 643. *Walther* concerned actions taken by an airline employee who believed federal regulations gave him the right to open any piece of luggage and had routinely reported suspicious packages to federal agents in exchange for monetary reward. *Walther*, 652 F.2d at 790. Applying the second factor of the government agent analysis, the court held that the airline employee's conduct was subject to the Fourth Amendment because the record supported the trial court's finding that the airline employee was motivated by receiving an award from law enforcement and not by pursuing his employer's interest. *Id.* at 792. Thus, the court concluded that such a motivation provided the airline employee with the requisite mental state of a government agent in the government's effort to conduct a search. *Id.*

Conversely, in *Gomez*, 614 F.2d 643, the same court concluded that the opening of a misplaced suitcase by an airline employee looking to identify the owner was a private search even though law enforcement had carried the suitcase to an employee work area and directly aided in an effort to bypass the luggage lock. *Id*. at 645. The *Gomez* court based its holding on the trial court's express findings that the airline employee's motivation to conduct the search was driven by the legitimate purpose of identifying the owner of the luggage and that his opening of the luggage was pursuant to that motivation. *Id*. Thus, the court declined to hold that the officer's slight participation converted the private search to a governmental one. *Id*.

In this case, the district court made the following factual findings relevant to the employee's motivation for the search:

> [The bus company's] policy prohibits passengers from utilizing the carrier to transport illegal substances and puts passengers on notice of this prohibition. [The bus company] further warns its passengers that their "belongings and packages" are subject to being searched at any time. Such notices are prominently posted at the ticketing counters and doors within [the bus company's] stations as well as in each passenger's ticketing envelopes. . . . [The employee] testified that if illegal substances are discovered during a search of passenger luggage, he revokes the passenger's ticket to prevent continued travel with illegal substances on board.
>
> Although [the bus company's] policy gave [the employee] a right to search [Breese's] backpack without the presence of law enforcement, he testified that he wanted an officer present during the search for three reasons. First, he noted his other employees were inside the terminal taking care of customers at the time. Second, he testified that he wanted law enforcement to be there because he is "never sure what the quantity is going to be." Third, the arrival of law enforcement, especially the canine unit, provides some degree of entertainment for the passengers and breaks up the routine of [the employee's] day. [The employee] is not compensated by law enforcement or by [the bus company] for discovering illegal substances.

Based on the evidence introduced at the suppression hearing, the district court found that the employee's "primary motivation for conducting the search was to pursue [the bus company's] interest in deterring the transportation of illegal or dangerous substances." Additionally, the district court found that the employee was acting in accordance with that policy when he formed the independent belief that an illegal substance was being transported and when he searched the backpack.

6

Breese points to a portion of the employee's testimony that may indeed, on its own, contradict the district court's findings and suggest that the employee may have acted with the intent to assist law enforcement. However, the employee also testified about the bus company's policies, reporting and search procedures, and prior similar incidents. The employee also testified regarding his reason for engaging in the search and his personal interests for having law enforcement present when conducting the search. In addition, the record includes copies of the bus company's search policy notices and a recording of the interaction between the employee and the officer. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). Upon review, we conclude that there was substantial evidence to support the district court's finding that the employee's primary motive in conducting the search was in the legitimate pursuit of his employer's interests. Thus, we hold that such findings were not clearly erroneous. Breese has failed to show that Breese's motivation in conducting the search was to assist law enforcement efforts. Consequently, given the express findings of the district court, we hold that the employee was not a government agent when he conducted the search of Breese's backpack after requesting the presence of the officer.[1]

### III.

### CONCLUSION

Breese has not shown that the employee possessed the requisite mental state of a government agent and has failed to show that the employee was a government agent when he searched the backpack. Therefore, we hold that that the district court did not err in denying Breese's motion to suppress the marijuana found inside his backpack. Accordingly, Breese's judgment of conviction for trafficking in marijuana is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[1]     Because we hold that the bus employee was not a government agent, we need not address Breese's additional argument that the search did not fall under the automobile exception to the warrant requirement.

7