**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47822**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 9, 2021** |
| Plaintiff-Appellant- | ) |
| Cross Respondent, | ) **Melanie Gagnepain, Clerk** |
| | ) |
| v. | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| LONNIE EUGENE COX, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Respondent- | ) |
| Cross Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John C. Judge, District Judge.

Order granting in part and denying in part motion to suppress evidence, <u>reversed</u> <u>in</u> <u>part</u> <u>and</u> <u>affirmed</u> <u>in</u> <u>part</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant-cross respondent. Kenneth K. Jorgensen argued.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for respondent-cross appellant. Jenny C. Swinford argued.

_____

LORELLO, Judge

The State appeals and Lonnie Eugene Cox cross-appeals from an order granting in part and denying in part Cox's motion to suppress evidence. We reverse in part and affirm in part.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A hotel housekeeping supervisor entered a hotel room rented by Cox after a housekeeper reported seeing a syringe on the floor while cleaning the room. Upon entering Cox's room, the housekeeping supervisor saw the syringe and immediately noticed it contained a substance that,

1

due to a family history of substance abuse, she recognized as heroin. Without touching the syringe, the housekeeping supervisor left Cox's room, closed the door, and reported what she saw to law enforcement.

An officer responded to the hotel and met with the housekeeping supervisor. When the officer asked about the location of the syringe, the housekeeping supervisor took him to Cox's room, opened the door, and allowed the officer to look inside. Without entering Cox's room, the officer saw the syringe lying on the floor and immediately recognized the substance contained within was likely heroin. The officer then entered Cox's room and seized the syringe for "safety reasons." The officer contacted a second officer to secure Cox's room and left the hotel to obtain a search warrant. Before arriving at the hotel, the second officer conducted a warrants check and discovered Cox had an outstanding arrest warrant out of another county.

A search warrant was issued for Cox's hotel room based on an affidavit that described, among other things, the first officer's observations of the outside of the hotel room as well as the syringe and field test results indicating it contained heroin. A subsequent search of Cox's hotel room pursuant to the warrant yielded methamphetamine and drug paraphernalia. As Cox had not yet returned, officers placed an inventory of seized items on the bed of Cox's hotel room before leaving. When hotel staff reported that Cox had returned the next morning, officers came back to the hotel and arrested Cox on the arrest warrant. Subsequent searches of Cox's person and hotel room revealed heroin both in the brim of his hat and in a backpack found within the room.

The State charged Cox with two counts of possession of a controlled substance and one count of possession of drug paraphernalia. Cox moved to suppress the evidence obtained in the searches of his hotel room and person.[1] The district court granted Cox's motion in part and denied it in part. The district court granted Cox's motion as to evidence discovered during the search of his hotel room pursuant to the search warrant, concluding that the warrant was invalid because it depended on unlawfully obtained evidence. However, the district court denied Cox's motion as to evidence discovered in the search incident to his arrest because that search was "independent"

---

[1]    The State conceded below that the officer unlawfully entered Cox's room to seize the syringe before obtaining a search warrant. Additionally, during the hearing on Cox's suppression motion, the State indicated it did not intend to use evidence collected during the search of Cox's room after his arrest in its case against Cox.

2

of the prior unlawful police conduct. The State appeals, challenging the portion of the district court's order partially granting Cox's motion to suppress, and Cox cross-appeals the portion partially denying the same.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The State argues that the district court erred by concluding that the search warrant for Cox's hotel room was invalid and by suppressing the evidence obtained during its execution. Specifically, the State contends that the district court erroneously excluded the officer's observations of the syringe and its contents when evaluating whether the officer's affidavit supplied probable cause for a search warrant. Cox responds that the district court correctly excluded the officer's observations as the fruit of an unlawful search because the housekeeping supervisor was the officer's agent when the supervisor allowed the officer to see into Cox's hotel room. We hold that the district court erred in granting Cox's motion to suppress the evidence discovered pursuant to the search warrant.

On cross-appeal, Cox contends that the district court erred in denying the suppression of evidence found on his person because the prior unlawful search of his hotel room tainted the evidence. The State responds that the district court properly found that Cox failed to demonstrate a factual nexus between the unlawful search of his hotel room and the evidence discovered on his person. We hold that Cox has failed to show error in the partial denial of his suppression motion.

3

**A.      Search Warrant Application**

To be valid, a search warrant must have support from facts showing probable cause to believe that a particular place may hold evidence or fruits of a crime. *State v. Tietsort*, 145 Idaho 112, 115-16, 175 P.3d 801, 804-05 (Ct. App. 2007). What is lawfully seen in open view may furnish probable cause for a warrant. *Id.* at 115, 175 P.3d at 804. When a search warrant is based in part on unlawfully obtained evidence, however, the warrant is invalid unless the remaining evidence presented to the magistrate court contains adequate facts to show probable cause for the search. *State v. Buterbaugh*, 138 Idaho 96, 101, 57 P.3d 807, 812 (Ct. App. 2002).

The district court determined that the affidavit submitted to obtain the search warrant for Cox's hotel room described unlawfully obtained evidence--specifically, the officer's observation of the syringe from outside Cox's hotel room and the field test results of the syringe's contents. The district court concluded that the officer's observations and the field test results were fruit of an unlawful warrantless search because the housekeeping supervisor acted as the officer's agent by opening the door to Cox's hotel room and allowing the officer to see inside without Cox's permission. Accordingly, the district court excluded the officer's observations and the field test results when evaluating whether probable cause supported the search warrant and concluded there was insufficient remaining evidence to sustain the warrant. The State challenges only the exclusion of the officer's observations, arguing that their improper exclusion precipitated the erroneous conclusion that the search warrant was invalid.[2] Thus, we confine our analysis to whether the district court properly excluded the officer's observation of the syringe and its contents before entering Cox's hotel room as the fruit of an unlawful search.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. It is well established that evidence obtained through a private search, even if wrongfully conducted, is not excludable under the Fourth Amendment unless government officials instigated the search or otherwise participated in a wrongful search. *State v. Breese*, 160 Idaho 841, 843, 379 P.3d 1111, 1113 (Ct. App. 2016). *De minimis* or incidental contacts between a citizen and law enforcement prior to or during the course of a search do not subject the search to

---

[2]      As previously stated, the State conceded below that the officer's entry into Cox's hotel room and the seizure of the syringe were unlawful. The State does not argue to the contrary on appeal.

Fourth Amendment scrutiny. *Id*. at 843-44, 379 P.3d at 1113-14. For a private citizen's actions to violate the Fourth Amendment, the government must be involved either directly as a participant or indirectly as an encourager. *Id*. at 844, 379 P.3d at 1114. Thus, when analyzing whether the person conducting the search is acting as an instrument or agent of the government, we consider two critical factors: (1) whether the government knew of and acquiesced in the intrusive conduct, and (2) whether the party performing the search intended to assist law enforcement efforts or further his or her own ends. *Id.* The burden of proving governmental involvement in a search conducted by a private citizen rests on the party objecting to the evidence. *Id.* at 843, 379 P.3d at 1113.

As noted above, the district court concluded that the housekeeping supervisor was a state agent when she allowed the officer to see inside Cox's hotel room. To support this conclusion, the district court found that, despite making no express request to see the syringe, the officer knowingly acquiesced in the housekeeping supervisor's "intrusive conduct" of opening the door to Cox's room because the officer knew the housekeeping supervisor wished to show the officer the syringe and he positioned himself to view the interior of Cox's room. The district court further found that, although the supervisor had acted in her employer's interest when she initially entered Cox's room to assess the danger the syringe posed, her motivation for opening the door in the officer's presence was to "assist law enforcement efforts."

The State contends that the supervisor was not acting as a state agent when she allowed the officer to see into Cox's hotel room because the officer was only a "passive witness" to the supervisor's conduct. The State further argues that there is no evidence indicating that the supervisor's motivation was to aid law enforcement. We agree that the evidence presented at the suppression hearing does not support the conclusion that the housekeeping supervisor was acting as a state agent for purposes of the Fourth Amendment. As such, we need not address whether the officer was more than a "passive witness" when the housekeeping supervisor opened the door in his presence.

As the party objecting to evidence resulting from a private search, Cox had the burden of presenting evidence demonstrating government involvement in the search. *See id.* The district court began its analysis of the housekeeping supervisor's motives by observing that she could lawfully enter guests' rooms to assess safety threats present within and did so when she entered

5

Cox's room in response to the initial report of the syringe. In finding that the housekeeping supervisor's motivation was to assist law enforcement when she subsequently allowed the officer to see inside Cox's room, the district court relied upon the absence of evidence indicating that the syringe posed a danger while it remained locked in Cox's room. As it had not been shown that the syringe posed a continuing, immediate danger while it remained locked in Cox's room, the district court reasoned that, instead of showing the syringe to the officer, the housekeeping supervisor could have instructed her staff to avoid Cox's room until law enforcement located him. Consequently, the district court found that the housekeeping supervisor's motivation was a desire to aid law enforcement. This rationale, however, is unsupported by any *evidence* of the supervisor's motivations. Essentially, the district court found that the supervisor's motivation was to aid law enforcement because the State failed to show how re-opening Cox's hotel room served the supervisor's interests. This was error because there is insufficient evidence in the record to support a finding that the supervisor's motivation was to aid law enforcement.

The district court expressly found that officers neither commanded nor asked the housekeeping supervisor to open Cox's hotel room. Nor is there evidence in the record that law enforcement otherwise instigated or encouraged the supervisor's conduct through some other means--by, for example, offering a reward. Additionally, this is not a case where a private citizen's only conceivable motivation could have been aiding law enforcement. Although the supervisor had assessed the potential risk posed by the syringe, that does not mean the supervisor could not have been serving her employer's interests by showing the officer the syringe. Even after an initial risk assessment, the hotel had an interest in the expeditious removal of the syringe. Moreover, Cox did not present evidence that the supervisor *lacked* the authority to enter a guest's room to eliminate a risk after assessing it. Officers are not required to dissuade private citizens from engaging in activity that is not unlawful. *United States v. Smythe*, 84 F.3d 1240, 1243 (10th Cir. 1996).

Cox contends that the district court's implicit finding that the housekeeping supervisor's testimony regarding her motives was not credible sufficiently supports the finding that she intended to aid law enforcement. Cox's argument is unpersuasive. During the suppression hearing, the supervisor testified that she showed the officer the syringe in Cox's room because it created an "unsafe situation." Contrary to this testimony, the district court found that the

6

housekeeping supervisor's motivation was to aid law enforcement. Even assuming this conclusion translates into some sort of implicit credibility finding regarding the housekeeping supervisor's motives, this does not transmute the housekeeping supervisor's testimony into evidence that she harbored any other particular motivation.

In sum, viewed in light of the totality of the circumstances, the district court's finding related to the supervisor's motivation is not supported by substantial evidence. Accordingly, the district court erred by excluding the officer's observations of the syringe and its contents before entering Cox's hotel room when evaluating the validity of the search warrant for his hotel room. Restoring the officer's observations to his affidavit renders it sufficient to support probable cause for the issuance of a search warrant. *See State v. Josephson*, 123 Idaho 790, 794, 852 P.2d 1387, 1391 (1993) (an affidavit must present facts supporting probable cause to believe that contraband is present in the place to be searched when the warrant is sought); *State v. Smith*, 152 Idaho 115, 121, 266 P.3d 1220, 1226 (Ct. App. 2011) (holding an officer's observation of drug paraphernalia in a vehicle supported probable cause for a search). Consequently, the district court erred by suppressing evidence obtained during the execution of the search warrant for Cox's hotel room.

**B.      Search Incident to Arrest**

On cross-appeal, Cox argues that the district court erred by denying his motion to suppress the heroin found when he was arrested on a valid warrant. According to Cox, the prior unlawful search of his hotel room tainted the evidence found on his person after his arrest. The State responds that the district court properly determined that officers did not discover the heroin on Cox's person by exploiting a Fourth Amendment violation. We hold that Cox has failed to show error in the denial of his motion to suppress the evidence found during the search incident to his arrest.[3]

---

[3]      We note that our resolution of the State's arguments on appeal undermines Cox's cross-appeal. Cox contends that the evidence found on his person is fruit of the allegedly unlawful search of his hotel room. In light of our conclusions that the officer who initially responded to the hotel lawfully observed the syringe in Cox's room and that the search warrant for the room was valid, the only remaining unlawful law enforcement conduct at issue in this case is the officer's entry into Cox's hotel room to seize the syringe.      Thus, our review is limited to determining whether the district court erred in denying Cox's suppression motion based upon this narrow spectrum of concededly unlawful conduct.

7

The district court denied Cox's motion to suppress evidence discovered during the search of his person incident to arrest on a valid warrant because Cox's arrest and attendant search were not the result of unlawful police conduct. To reach this conclusion, the district court began by observing that the housekeeping supervisor had lawfully seen the syringe in Cox's room, suspected it might contain heroin, and reported her observations to law enforcement. The district court found that the officer who responded to the hotel relayed this information along with Cox's identity to a second officer. The district court further found that the second officer, following his common pattern and practice, searched for Cox's name in law enforcement databases, resulting in the discovery of an active arrest warrant for Cox. The district court reasoned that all these events "were not tied to the unlawful search" of Cox's hotel room and that officers would have discovered Cox's arrest warrant, regardless of the prior search of his hotel room. Consequently, the district court concluded that officers could lawfully search Cox incident to his arrest despite prior unlawful searches of his room.

Cox does not argue that the search of his person incident to arrest was unlawful. Rather, Cox contends that the prior unlawful police conduct tainted the evidence found on his person and that the district court misapplied exceptions to the exclusionary rule to avert suppressing the evidence. However, such arguments are relevant only if Cox made a threshold showing of a factual nexus between the unlawful entry into his hotel room and the heroin discovered on his person. *See State v. Wigginton*, 142 Idaho 180, 184, 125 P.3d 536, 540 (Ct. App. 2005). Although the district court's order does not expressly find that Cox failed to make the necessary threshold showing, that is the best interpretation of the order for two reasons. First, the district court cited no legal authority in its order relevant to any exception to the exclusionary rule. Rather, the district court cited legal authority supporting only the lawfulness of a warrantless search incident to a valid arrest. Second, the order describes the search of Cox's person incident to his arrest as being "independent" of prior unlawful police conduct. The only reasonable interpretation of this description is that the district court concluded that prior illegalities did not cause the discovery of the arrest warrant or the search of Cox's person. Thus, the question we must address is whether the district court erred in concluding that the search incident to Cox's arrest was not a product of the prior unlawful entry into his room.

8

The exclusionary rule prohibits the use of evidence obtained through unconstitutional government activity. *State v. McBaine*, 144 Idaho 130, 133, 157 P.3d 1101, 1104 (Ct. App. 2007). This prohibition applies not only to evidence directly obtained through unconstitutional activity, but also evidence derived from unconstitutionally obtained evidence. *Id.* For evidence to be suppressible, unlawful government activity must be the "but-for" cause of the challenged evidence's discovery. *Id.* Defendants seeking suppression must make a threshold showing of a factual nexus between the government's unconstitutional conduct and the challenged evidence. *Wigginton*, 142 Idaho at 184, 125 P.3d at 540. The requisite factual nexus exists if the challenged evidence is the product or result of the allegedly unconstitutional government conduct. *McBaine*, 144 Idaho at 134, 157 P.3d at 1105.

In this case, any causal connection between the officer's entry into Cox's hotel room to seize the syringe and the evidence found on Cox's person during a subsequent search incident to arrest is negligible. The search of Cox's person occurred pursuant to his arrest on a valid arrest warrant. The district court's factual findings support the conclusion that no information obtained through the officer's entry into Cox's hotel room led to the discovery of the arrest warrant. Nor does the record indicate that the investigation into Cox intensified or refocused because of any tainted information. In sum, the record does not show that officers exploited unlawful law enforcement conduct to discover the warrant for Cox's arrest or to obtain the evidence found on Cox's person when he was arrested on the warrant. Thus, the evidence found on Cox's person was not subject to suppression as fruit of a prior unlawful search. *See id.* at 133, 157 P.3d at 1104. Consequently, Cox has failed to show that the district court erred by denying his motion to suppress the evidence found during the search incident to his arrest.

## IV.

## CONCLUSION

The district court erred by excluding the officer's observation of the syringe from the hallway outside Cox's hotel room when evaluating whether there was probable cause for a warrant to search the room. Consequently, the district court erred by granting Cox's motion to suppress the evidence found pursuant to the search warrant. Additionally, Cox failed to establish that prior unlawful law enforcement conduct tainted the evidence found on his person during the search incident to his arrest on a valid warrant. Thus, Cox failed to establish that the district court erred

9

by denying the portion of his suppression motion relating to that evidence.  Accordingly, the district court's order granting in part and denying in part Cox's motion to suppress is reversed in part and affirmed in part.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.